## CHAMBERS v. STATE.

BASTARDY: *Witness: Reputed father competent.*
  Proceedings to affiliate a bastard and compel the reputed father to aid in its support are of a civil and not criminal nature, and he is a competent witness.

[This trial was before the passage of the Act of 1885 allowing parties charged with crime to testify.—REP.]

APPEAL from *Lincoln* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.

*D. H. Rousseau* for Appellant.

The Court should have permitted Appellant to testify in his own behalf. The procedure in bastardy cases under *Acts 1879, pp. 96, 97,* is a civil one, and of a *quasi* criminal nature. See decisions of different States upon similar acts. *10 Cush. (Mass.), 285; 2 Conn., 375; 6 J. J. Marsh, 585; 6 Lit., 89.* It was no doubt the intention of the Legislature, in amending the Act of 1875, to make the procedure conform to the requirements of the Constitution of 1874, by which jurisdiction in cases of this nature was vested in the County Court, a court' possessing no criminal jurisdiction whatever.

*Dan W. Jones*, Attorney General, *contra.*

This was certainly a criminal proceeding, and Appellant could not testify in his own behalf. *29 Ark., 62, 68.* The statute passed upon at that time has been unchanged except to give County Courts jurisdiction.

SMITH, J. This was a proceeding for the purpose of affiliating a bastard child and compelling aid from the father in its support. It was begun in the County Court, which has exclusive original jurisdiction of such matters, and was removed, by appeal, to the Circuit Court. On the trial the Defendant tendered himself as a witness, but he was not permitted to be sworn. At the date of the trial (August, 1884,) persons accused of crimes could not testify in their own behalf, but in civil actions it was no cause for the exclusion of a witness that he

was a party to the record. Consequently, the correctness of the ruling depends on the question whether this was a civil or criminal proceeding.

Bastardy proceedings have many of the characteristic features of a criminal prosecution. The State is the Plaintiff. A warrant issues for the apprehension of the reputed father. When arrested he is required to give bail for his appearance. The prosecuting attorney conducts the suit on behalf of the State, and officers of the court are allowed fees as in criminal cases. *Mansfield's Digest, Secs. 446, 455, 458.* And in *Jackson v. State, 29 Ark., 62*—a case which arose while the constitution of 1868 was in force and while justices of the peace had jurisdiction of this class of cases, proceedings in bastardy were assimilated to prosecutions for crime. Indeed, it was intimated that it was necessary to take this view in order to maintain the constitutionality of the statute giving justices of the peace jurisdiction. For, if it was a mere civil remedy, it was difficult to see what justices had to do with it, their civil jurisdiction extending only to actions of contract and replevin. If we are to determine the nature of the proceeding from the court to which jurisdiction is confided, we shall be forced to the conclusion that, in the view of the framers of our present constitution, the primary object is, not the punishment of the guilty parties, but to prevent the offspring of the illicit connection from becoming a charge and burden upon the public. For the entire jurisdiction of the County Court relates to the regulation of the internal affairs and local concerns of the respective counties. It has no criminal jurisdiction. Compare on this point *Brizzolari v. State, 37 Ark., 364.* And again the proceeding is set on foot, not by presentment of a grand jury, but on complaint of the mother, or by the county judge acting upon his personal knowledge or information in his possession. *Mansfield's Digest, Secs. 446, 457.* And the judgment is not for the imposition of a fine or penalty, but for a certain sum for the lying-in expenses

of the mother, and a further judgment payable by monthly installments, and for the execution of a bond, conditioned to indemnify each county in the State from all costs for the maintenance of the child, while under the age of seven years. *Ib. Sec. 450.*

From these considerations it is apparent that indemnity and protection of the counties against the burden of supporting the child, and not the punishment of the father, are the objects contemplated by the statute. And in this view it is a civil and not a criminal proceeding. *Mann v. People, 35 Ill., 467; State v. Pate, Busbee (N. C.), 244; State v. McIntosh, 64 N. C., 607; State v. Hickerman, 72 Id., 421.* Hence the Circuit Court erred in excluding the Defendant from the witness stand.

Reversed and remanded for a new trial.