PEARCE *v.* STATE.

Decided January 30, 1892.

*Prosecuting attorney—Fee—Bastardy.*

> A bastardy proceeding being a civil action, a prosecuting attorney who, on behalf of the State, successfully conducts such an action in the circuit court is not entitled, upon affirmance, to the docket fee allowed in misdemeanor cases.

APPEAL from *Independence* Circuit Court.

JAMES W. BUTLER, Judge.

*Jos. W. Stayton,* Prosecuting Attorney, *pro se.*

COCKRILL, C. J. The question now presented arises upon motion to tax a fee of $20 for the benefit of the prosecuting attorney who successfully conducted this proceeding in bastardy for the State in the circuit court and here. The statute authorizes the taxing of such a fee upon the affirmance of a judgment of conviction for a misdemeanor. Mansf. Dig., secs. 2469–2471. But bastardy is a civil proceeding, and not a criminal prosecution. *Chambers* v. *State,* 45 Ark., 56. " Indemnity and protection of the counties against the burden of supporting the child, and not the punishment of the father, are the objects contemplated by the statute." *Ib.*

Section 458 of Mansfield's Digest provides that " the judge of the county court shall be allowed such fees in all cases of bastardy as were allowed to justices of the peace

under the law when justices of the peace had jurisdiction of bastardy cases, and [that] the other officers shall be allowed such fees as are by law allowed to sheriffs, coroners, constables and clerks in criminal cases." This section makes no provision for the prosecuting attorney. It may have been an oversight; but, as was said in *Fanning* v. *State*, 47 Ark., 442, " those who serve the public must rest content with the compensation provided by the plain letter of the law." Another section requires the prosecuting attorney to conduct such proceedings in the circuit court (sec. 454), and for that service section 3233, which provides for compensating him for any judgment obtained there, doubtless gives him a fee. *State* v. *Jackson*, 46 Ark., 137. But this is not an application to retax the costs allowed in the circuit court, but only to tax an attorney's fee for services rendered here. We are referred to section 3787, Mansf. Dig., as authority to tax the fee. It is as follows : " In all cases where any officer or other person is required to perform any duty for which no fees are allowed by law, he shall be entitled to receive such pay as would be allowed for similar services." But the prosecuting attorney is required to perform no similar service in this court. No docket fee is allowed except in a misdemeanor, and this case does not belong to that class. *Chambers* v. *State*, 45 Ark., *supra.*

Let the motion be denied.