## Albert Peterson v. People, etc., ex rel.

1. BASTARDY—*Instructions as to Period of Gestation.*—It is not proper in a bastardy case for the court to arbitrarily fix by an instruction a period within which the child must have been born in order to show the guilt of the defendant.

**Bastardy Proceedings.**—Appeal from the County Court of Marshall County; the Hon. E. D. Richmond, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

T. F. Clover and B. W. Wright, attorneys for appellant.

J. H. Franklin and R. M. Barnes, attorneys for appellee.

Mr. Presiding Justice Crabtree delivered the opinion of the Court.

This was a prosecution for bastardy, on the complaint of Essie Whitzell, an unmarried female.

The case has been tried twice, the jury on each trial finding appellant guilty, and judgment being entered on the last verdict, appellant brings the cause to this court by appeal, and insists upon a reversal, mainly for the reason, as he contends, that the evidence of the complaining witness shows he can not be the father of the child. Appellant does not deny having had intercourse with said Essie Whitzell, but contends that from the date of intercourse fixed by her, and the date when the child was born, it is impossible he should be the father.

The complaining witness testifies that her first intercourse with appellant was about the third day of May, or in the first week of May, 1896, and the child is shown to have been born December 21, 1896, so that only two hundred and thirty-one days, or at most two hundred and thirty-four days, elapsed between the first intercourse and the delivery.

It may be conceded this length of time falls far short of the ordinary period of gestation, which is usually from two hundred and seventy, to two hundred and eighty days, and there is evidence tending to show that the child, when born, had the appearance of being a full term child, or one which the mother had carried for the full period of gestation, while there is other testimony tending to show the contrary. Again, the witness Axel Burg testifies to having had sexual intercourse with said Essie Whitzell on March 31, 1896, a period of two hundred and sixty-five days before the birth

of the child, and his story, if true, might account for its existence. All these circumstances would seem to cast suspicion upon the claim of the complaining witness that appellant is the father of her child, but she testifies positively that he and no one else is its father. She flatly contradicts the witness Burg, and denies that she ever had intercourse with him or with any one else other than the appellant, and there is other evidence tending to show that his story is untrue. The jury saw the witnesses and heard them testify, and if they saw fit to believe the complaining witness, instead of the man Burg, who came up to swear to his own disgrace to help his friend, there is no just reason why we should say they were wrong in their finding. In such a condition of the evidence we are not disposed to interfere.

Nor do we think it our duty to set the verdict aside from the fact alone that the child was born within a much shorter time than the ordinary period of gestation, even if that be true. It is a well known fact that cases have occurred, of undoubted authenticity, where children have been born in a shorter time than the ordinary period of gestation, as well as after a much longer time. Nature does not always follow a certain rule. However interesting this subject might be, we have not the time to give it an extended discussion, nor is it necessary. One thing is certain, if the complaining witness tells the truth in saying she never had intercourse with any one other than appellant, he must be the father of the child, whether she is correct as to dates or not. Two juries having believed her, we are content with their finding.

Great complaint is made because the court refused to give instruction numbered 2 asked by appellant.

That instruction is as follows:

" 2. You are instructed that it is incumbent upon the prosecuting witness, Essie Whitzel, to prove by a greater weight of the evidence, that her bastard child was born after a period of gestation of 234 days in order to charge the defendant with the parentage of the child, and unless the said Essie Whitzel has proven this state of facts by a greater weight of

the evidence upon that subject, it is your duty to find the defendant not guilty."

We think there was no error in refusing this instruction. The question as to whether the child was born within the ordinary period of gestation, was one of fact for the jury, and it was not proper for the court, arbitrarily to fix by an instruction a period within which the child must be born in order to show the guilt of appellant. The fact of the intercourse not being denied, the girl might possibly be mistaken as to the date, and yet appellant be the father of the child.

No other serious fault is found with the instructions.

On a careful review of the whole case, we think the judgment should be affirmed.