WIMBERLY *v.* STATE.

Opinion delivered May 24, 1909.

1. BASTARDS—NATURE OF BASTARDY PROCEEDING.—Although a bastardy proceeding is brought in the name of the State, it is of a civil nature. (Page 516.)

2. APPEAL—RATIFICATION.—An appeal taken by the prosecuting witness in a bastardy proceeding may be ratified and adopted by the State. (Page 516.)

3. SAME—NECESSITY OF AFFIDAVIT BY STATE.—An appeal may be taken by the State from a judgment of the county court in a bastardy proceeding without filing an affidavit; Kirby's Digest, § 7778, relieving the State of the necessity of making an affidavit in any civil proceeding. (Page 517.)

4. EVIDENCE—FORMER TESTIMONY OF ABSENT WITNESS—FOUNDATION.—Proof that a witness received a letter from an absent witness in the case about a week before the trial, stating that the writer was in

another State, is a sufficient foundation for the admission of the former testimony of such absent witness. (Page 517.)

5. SAME—DISCRETION TO ADMIT FORMER TESTIMONY OF ABSENT WITNESS.— Proof of what a witness swore upon a former trial is admissible on a subsequent trial of the same cause if it be shown that he is a non-resident and out of the court's jurisdiction; but if his place of residence be known, and his testimony can be taken under a commission, it is within the court's discretion to issue a commission to take his testimony or to admit proof of his former testimony, and the exercise of such discretion is not reviewable save for gross abuse. (Page 517.)

Appeal from Montgomery Circuit Court; *James S. Steel,* Judge; affirmed.

*J. I. Alley,* for appellant.

1. The evidence of Mann was not admissible. Bastardy is a civil action, and his deposition could have been taken. Kirby's Dig. § 3157. His previous testimony could have been used, if the accused was then present. 58 Ark. 370. The same rules of evidence apply as in other civil cases. 2 Enc. of Ev. p. 242; 115 Ind. 421; 17 N. E. 909; 81 Minn. 501. Before secondary evidence can be used, the superior or primary must be out of reach without fault. 2 Enc. Ev. p. 308.

2. The appeal should have been dismissed after defendant had been acquitted in the county court. Kirby's Dig. § § 489, 1487; 61 Ark. 407; 84 *Id.* 199. The mother has no interest in the result. Kirby's Dig. § 493.

*C. A. Cunningham,* Assistant Attorney General, for appellee; *June P. Wooten,* of counsel.

1. Proper foundation was laid to introduce Mann's testimony. 58 Ark. 377; 33 *Id.* 539; 1 Greenl. on Ev. § 163. Kirby's Dig., § 3157, does not impose the duty on the State to have depositions taken. It states "depositions *may* be used." The admission was within the sound discretion of the court—no abuse is shown. 58 Ark. 372.

2. It was not necessary to give the words of Mann, if the substance was given. 58 Ark. 377; 1 Greenl. Ev. § 165.

3. The mother, the real party in interest, could appeal and give bond, etc. Kirby's Dig. § § 489, 4666, 1485; 61 Ark. 407; 3 Enc. Pl. & Pr. 277; 9 Neb. 125; 67 Ark. 493; 60 *Id.* 524; 33 *Id.* 745.

BATTLE, J.  On the 17th day of July, 1907, Lena D. Mc-
Bride filed with the clerk of the Montgomery County Court an
affidavit, accusing Willis M. Wimberly of being the father of
a bastard child delivered by her on the 19th of June, 1907, and
asking for judgment against him for fifteen dollars for lying-in
expenses and for the monthly sum of three dollars for seven
years for the support of the child.  The judge of the county court
thereupon issued a warrant, in the name of the State of Arkansas,
to any sheriff or constable of this State, commanding him to
arrest and carry the accused before the county judge to answer
such charge.  He was arrested, and tried by the county court, at a
regular term thereof, and acquitted and discharged.  An appeal
to the circuit court was asked and granted, Lena D. McBride
making and filing an affidavit that the appeal taken by her was
not taken for the purpose of delay, but that justice might be done;
and filing bond.

In the circuit court the defendant moved to dismiss the ap-
peal because it was taken by Lena D. McBride, and she was not
a party to the action, and the State had no right to appeal.  The
motion was overruled; and the defendant was tried and found
guilty of bastardy, and judgment was rendered against him.

In the course of the trial it was shown that one Mann testified
in the trial before the county court, which was on the 26th of
July, 1907, and after that trial went to the State of Oklahoma,
and about a week before the trial in the circuit court, which was
on the 6th of October, 1908, a witness received a letter from
him saying he was in Oklahoma.  Upon this showing a witness,
Nelson, who heard his testimony, was allowed, over the objection
of the defendant, to testify what the testimony of Mann was in
the trial before the county court.  The defendant has appealed
to this court.

The proceeding in this case was in the name of the State.
It is a civil proceeding.  *Chambers* v. *State,* 45 Ark. 56; *Pearce*
v. *State,* 55 Ark. 387.  An appeal can be taken by the party ag-
grieved from the judgment of the county court to the circuit
court.  Kirby's Digest, § 489.  But appellant says that the
prosecuting witness could not take the appeal.  Let that be as
it may, the appeal was taken.  The State, through its prosecuting
attorney, ratified the appeal and adopted it as its own.  It

has been held that a party may adopt a suit brought in his name without his consent. *Hardware Co.* v. *Deere, Mansur & Co.,* 53 Ark. 140, 144, and *Craig* v. *Twomey,* 14 Gray, 486, cited therein. We see no reason why an appeal cannot be adopted in the same manner.

But the appellant contends that, "if the State had the right of appeal, some one one with authority to bind the State, or to represent it, should have made the affidavit." This is not true. The defendant is required to make the affidavit in such cases, when he appeals, but the State is not. Section 7777, of Kirby's Digest, provides: "The State shall not be required or ruled to give security for costs in any case," and section 7778 provides: "It shall not be requisite for the State or any officer thereof to swear to any petition, bill, answer or proceeding in chancery or to any application, pleading or proceeding at law, and such bills, petitions, answers, applications, pleadings or proceedings shall have the like effect as if the same were duly verified by affidavit, as in case of private persons." The filing of an affidavit is a proceeding. *Wilson* v. *Macklin,* 7 Neb. 50, 52. The effect of the last section is to relieve the State of the necessity of making an affidavit in any civil proceeding.

According to *Vaughan* v. *State,* 58 Ark. 353, 371, the foundation laid for the admission of the testimony of Nelson as to the testimony of an absent witness was sufficient.

In *Clinton* v. *Estes,* 20 Ark. 216, 234, Chief Justice ENGLISH in delivering the opinion of the court said: "Being a non-resident of this State, the better opinion seems to be, upon principle, that proof of what he swore on a former trial was admissible, though the decisions on this point are in conflict. (Here cases cited.)

"The learned annotators on Phillips' Evidence, after reviewing the decisions on this point, say that those which favor the admission of proof of what a non-resident witness testified on a former trial, etc., come nearest to the liberal principle on which secondary evidence is generally received, are less anomalous, and therefore more scientific than the narrower decisions.

"Mr. Greenleaf, after stating in the text that if the witness be out of the jurisdiction proof of what he swore upon a former trial is admissible, says in a note (vol. 1, § 163, note 2) if he is

merely out of the jurisdiction, but the place is known, and his testimony can be taken under a commission, it is a proper case for the judge to decide, in his *discretion*, and upon all the circumstances, whether the purposes of justice will be best served by issuing such commission, or by admitting the proof of what he formerly testified.

"Putting the case before us on this ground, the decision of the court below must be regarded as conclusive upon the point, there being no showing of any gross abuse of such discretion. *Bishop* v. *Tucker*, 4 Rich. L. R. 178." See 2 Wigmore on Evidence, § 1404.

We find no reversible error in the admission of the evidence. Judgment affirmed.