## QUALLS *v.* STATE.

### Opinion delivered November 8, 1909.

1. BASTARDY—SUFFICIENCY OF TESTIMONY.—As proceedings to affiliate a bastard child are of a civil nature, in the absence of any statute requiring the testimony of the prosecutrix to be corroborated, the jury may find that the accused is the father of the child upon the testimony of the mother alone, if they believe it is credible. (Page 201.)

2. SAME—PERIOD OF GESTATION.—While the period of gestation is usually 280 days, yet, since the birth of a child is liable to be accelerated or delayed by circumstances, the period of gestation in a particular case in a question of fact to be decided upon the evidence, both physical and moral. (Page 202.)

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*George W. Reed* and *Grant Green,* for appellant.

A new trial will be granted when the verdict is so clearly against the weight of the evidence as to shock the sense of justice of a reasonable person. 34 Ark. 632; 70 Ark. 385; 65 Ark. 278.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The jury were the judges of the credibility of the witnesses. 50 Ark. 477; 36 Ark. 653; 19 Ark. 684. Circumstantial evidence is sufficient to corroborate an accomplice. 64 Ark. 247; 76 Ark. 215. The victim of carnal abuse is not an accomplice. 62 Ark. 504. A bastardy proceeding is a civil one; therefore, a preponderance of evidence is sufficient to sustain a conviction. 61 Ark. 407; 45 Ark. 56.

HART, J.  This was a proceeding begun in the county court for the purpose of affiliating a bastard child and compelling the father to aid in its support.  From a judgment rendered against him there the defendant, William Qualls, appealed to the cir-. cuit court.  Judgment was rendered against him in the circuit court, and he has appealed to this court.

The sole issue raised by the appeal is, was the evidence sufficient to support the verdict?

Mary Fortner, the mother of the child, testified that the child was born in Cleburne County, Arkansas, on the 30th day of May, 1908, and that the defendant was its father.  She said that the defendant had intercourse with her several times in White County just before and after Christmas in 1906.  That about the last of August, 1907, she went to the defendant's house in Cleburne County to pick cotton, and that while there the defendant had intercourse with her one time.  That no one except Qualls had had intercourse with her since the birth of her first child three years ago.

The defendant, Qualls, testified in his own behalf, and denied that he had ever had sexual intercourse with her.  Evidence was adduced in his behalf tending to show that she was pregnant when she came to his house in 1907, and that she came there in October, instead of August.  It was also shown that she had made contradictory statements in regard to her intercourse with the defendant, and also stated that he was not the father of the child.  A physician testified that he was called to see her in October, 1907, while she was at Qualls's house, and that she told him that her monthly periods had stopped.  That he examined her, and found that she was two or three months in pregnancy; that the period of gestation with woman is 280 days.

In this State "proceedings to affiliate a bastard child and compel the reputed father to aid in its support are of a civil and not criminal nature."  *Chambers* v. *State,* 45 Ark. 56; *Pearce* v. *State,* 55 Ark. 387; *Land* v. *State,* 84 Ark. 199; *Wimberly* v. *State,* 90 Ark. 514.

Our statutes expressly provide that the mother shall be a competent witness in all cases of bastardy unless she be legally

incompetent in any case. Kirby's Digest, § 492. But they do not require that her testimony should be corroborated.

"In the absence of any statute requiring the testimony of the prosecutrix to be corroborated, the jury may find that the accused is the father of the child upon the testimony of the mother alone, provided they believe it is credible." Underhill on Criminal Evidence, § 529; 5 Cyc. 664 and cases; *State* v. *Nichols,* 29 Minn. 357; *Evans* v. *State,* 2 L. R. A. (N. S.) (Ind.) 619, and cases cited.

"In regard to the period of gestation, no precise time is referred to, as a rule of law, though the term of 280 days  *  * *  *  is recognized as the usual period. But, the birth of a child being liable to be accelerated or delayed by circumstances, the gestation is purely a matter of fact, to be decided upon all the evidence, both physical and moral, in the particular case." 2 Greenleaf on Evidence (16 Ed.), § 152.

Tested by these rules of law, we can not say that there is no evidence to support the verdict. The prosecutrix testified unequivocally that she went to the defendant's house in August, 1907, and remained there two or three weeks; that he did have sexual intercourse with her while there, and that no other man had had sexual intercourse with her since her first child was born about three years before the birth of the one in question. It is true that her testimony was weakened by contradictory statements said to have been made by her and by other evidence tending to show that she was pregnant at the time she says conception took place, but this was a matter to be pressed upon the jury as affecting her credit as a witness. We can not disturb a verdict which has legal evidence to support it.

The judgment must therefore be affirmed.