## CHICAGO MILL & LUMBER COMPANY *v.* DRAINAGE DISTRICT No. 16.

### Opinion delivered November 1, 1915.

1. COURTS—APPEAL FROM COUNTY TO CIRCUIT COURT—PROPER DISTRICT.—Under Act 1901, page 143, appeals in Mississippi County, from the county court lie to the circuit court of the district in which the county court is held.

2. APPEAL—JURISDICTION OF LOWER COURT—QUESTION RAISED FIRST ON APPEAL.—When an appellate court only possesses jurisdiction to review and reconsider errors of law, it can only review such questions as have been raised and excepted to in the lower court, unless the error relates to the jurisdiction of the lower court to hear the cause, and when it appears that the lower court had no jurisdiction over the subject-matter, the appellate court will dismiss the appeal and cause as one improvidently commenced.

3. COUNTY COURTS—APPEALS—MISSISSIPPI COUNTY.—Appeals from the county court of Mississippi County may be taken only to the circuit court at Osceola.

Appeal from Mississippi Circuit Court, Chickasawba District; *J. F. Gautney,* Judge; appeal dismissed.

*Coleman, Lewis & Cunningham,* for appellant.

*J. T. Coston,* for appellee.

The circuit court of the Chickasawba district had no jurisdiction to hear a case appealed from the county court sitting at Osceola. Osceola is the county seat. Acts 1901, sec. 5, p. 139. The act does not create two judicial districts so far as the county court is concerned. 27 Ark. 202; Acts 1910 p. 143, sec. 17.

An appeal from the county court to the circuit court must be tried in the division where the county seat is located. 96 Ark. 274.

Where there is lack of jurisdiction which would render the judgment void, objection may be made for the first time in the appellate court, either by motion to dismiss or by assignment of error. Works on Courts & Jurisdiction, p. 113.

Where the appeal was not granted by the county court the question of jurisdiction may be raised for the first time in the appellate court. 110 Ark. 374.

HART, J. This is an appeal from the circuit court of the Chickasawba district of Mississippi county establishing Drainage District No. 16 in that county.

The cause originated in the county court where a petition in due form was filed by land owners asking that the district be established. Certain land owners within the proposed district then filed a remonstrance in which they set up that the improvements contemplated were impracticable. The county court, after hearing the evidence introduced by both parties, made an order establishing the district. The remonstrators prayed an appeal to the circuit court and this was granted by the county court.

The appeal was heard and determined by the Mississippi Circuit Court for the Chickasawba district and the judgment of the county court establishing the district was affirmed.

The remonstrators have duly prosecuted an appeal to this court.

(1) The circuit court of Mississippi County for the Chickasawba district had no jurisdiction to hear and determine the appeal from the county court. Mississippi County was divided into two judicial districts by the Legislature of 1901. (See Acts 1901, page 143.) These districts are the Osceola district and the Chickasawba district. Osceola situated in the Osceola district, is the county seat and the county court is held there. By the term of the act appeals from the county court lie to the circuit court of the district in which the county court is held. The provision of the act in regard to the establishment of the courts and taking appeals is essentially the same as the act creating two judicial districts in Clay County, and in construing that act this court, in the case of *Belford* v. *State,* 96 Ark. 274, held that appeals from the county court lie to the circuit court in which the county seat is situated; and in which the county court is held.

(2) No objection, however, was made to the jurisdiction in the lower court and this brings us to the ques-

tion whether objection to the jurisdiction can be made here for the first time. The general rule is that when the appellate court only possesses jurisdiction to review and reconsider errors of law it can only review such questions as have been raised and excepted to in the lower court unless the error relates to the jurisdiction of the lower court to hear the cause or to determine the question in controversy. When such question appears and the lower court has no jurisdiction over the subject matter the appellate court will dismiss the appeal and cause as one improvidently commenced. Brown on Jurisdiction (2 ed.), § 21a; see also *Ayers* v. *Anderson-Tully Co.,* 89 Ark. 160.

Thus it will be seen that the question of jurisdiction of the subject-matter is an open one until the case is finally disposed of. To hold that the question of the jurisdiction of the trial court could not be raised in the appellate court for the first time would be, in effect, to hold that consent could give jurisdiction and would result in the affirmance of a judgment which the trial court had no authority to enter. *South & W. Ry. Co.* v. *Commonwealth, ex rel. Flanary et el.* (Va.), 51 S. E. 824.

Though the act in question created two judicial districts in Mississippi County and defined the power and jurisdiction of the courts therein created, it did not attempt to create two separate and distinct county courts. Osceola remained the county seat and was situated in the Osceola district. The act provided that appeals from the county court should be taken to the circuit court in the district where the county seat was located and the county court held.

(3) It follows that the circuit court for the Chickasawba district of Mississippi County had no jurisdiction to hear and determine appeals taken from the county court.

The appeal will, therefore, be dismissed.