[No. 16125½.   Department Two.   February 2, 1921.]

## THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM PARKER, *Appellant*.[1]

CRIMINAL LAW (444)—APPEAL—HARMLESS ERROR—RULING AS TO INFORMATION. Error cannot be predicated upon refusing to strike from an information for seduction allegations of persuasion and fraudulent means, as to which no evidence was given, where the opening statement of the prosecuting attorney limited the means of seduction relied on to the promise of marriage; Rem. Code, § 2137, making the law relating to civil trials applicable, and Id., § 339, requiring plaintiff to state the cause of action and evidence to sustain it.

INDICTMENT AND INFORMATION (74) — SEDUCTION (10) — DUPLICITY —SEVERAL MEANS. An information for seduction is not duplicitous in charging persuasion, promise of marriage and other fraudulent means in accomplishing the seduction; nor is it insufficient in its statement of facts.

SEDUCTION (13)—CRIMINAL RESPONSIBILITY—QUESTION FOR JURY. In a prosecution for seduction, guilt is not disproved by the birth of a well developed child within eight months and one week after the act of intercourse; since it is within medico-legal latitude of the period of gestation.

CRIMINAL LAW (358)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE. It is not an abuse of discretion to deny a new trial for newly discovered evidence of another witness to establish an alibi, testified to at the trial by two relatives and another disinterested witness, where, after the state elected as to the date, the accused was given an adjournment to meet the evidence.

Appeal from a judgment of the superior court for Walla Walla county, Miller, J., entered June 2, 1920, upon a trial and conviction of seduction. Affirmed.

[1]Reported in 195 Pac. 229.

*John C. Hurspool,* for appellant.

*Earl W. Benson* and *A. J. Gillis,* for respondent.

MITCHELL, J.—Defendant was accused by information of the crime of seduction committed as follows:

"The said William Parker on or about the 15th day of June, 1919, then and there being in the county of Walla Walla aforesaid did willfully, unlawfully and feloniously, by persuasion, promise of marriage and other false and fraudulent means seduce and have sexual intercourse with and debauch Frankie Hoy, an unmarried woman of previous chaste character, etc."

The jury returned a verdict of guilty, and from a judgment and sentence entered thereon the defendant has appealed.

Five assignments of error consist of the court's denying motions, (1) to strike from the information the words "other false and fraudulent means," (2) to make the information more definite and certain by stating what such false and fraudulent means consisted of, (3) to strike the word "persuasion" from the information, (4) to make the information more definite and certain by stating what the persuasion consisted of, and (5) overruling a demurrer that the information charges the commission of the act in several distinct and inconsistent ways.

These five assignments are argued together by the appellant, who contends that, since this court held in the cases of *State v. Carter,* 8 Wash. 272, 36 Pac. 29, and *State v. O'Hare,* 36 Wash. 516, 79 Pac. 39, 104 Am. St. 970, 68 L. R. A. 107, that promise of marriage is not necessary to support a charge of seduction, therefore the information in this case is duplicitous and necessarily charges the crime of seduction by the use of three and possibly more separate means.

Under the statute law of this state and the record in this case, we find it unnecessary to engage in a discussion of the authorities upon which the appellant relies. Section 2137, Rem. Code, provides that, except as otherwise specially provided, the law relating to trials by jury in civil actions shall apply to criminal cases; and § 339, Rem. Code, relating to the manner of conducting jury trials in civil actions, provides that, after the jury has been sworn, "the plaintiff shall briefly state the cause of action and the evidence by which he expects to sustain it." In the present case, the opening statement of the prosecuting attorney to the jury has been preserved in the record. It is exceedingly short, clear and complete. The sole and only means therein stated by which it was claimed the prosecutrix was induced to have unlawful intercourse with the appellant was his promise to marry her, which it was declared he failed and refused to perform. No claim is made that any evidence inconsistent with this single charge was admitted, or attempted to be introduced. An inspection of the entire record supports this view, from which it is apparent no prejudice resulted to appellant on account of the rulings complained of, even if technically erroneous at the time they were made, which, as before stated, we find it unnecessary to decide in this case.

Other grounds of demurrer to the information are that it does not state facts sufficient to constitute an offense, and that two or more separate offenses are improperly joined in the information. They are not insisted upon by any argument and are, we think, without merit.

Also it is claimed the motion for a new trial should have been granted. It is contended that the evidence is insufficient, both generally and specially, to support

the verdict. It is true that there are apparent conflicts and confusion in some of the dates, and there is other testimony an unfortunate adversary might be expected to argue as not being dependable. The story of the prosecutrix and her witnesses does not possess the order and accuracy with which a book would be written, but it does read like a court room history of the downfall of a sixteen-year-old girl procured by the wiles and blandishments of a young man ten years older. In this case there was no motion, either for non-suit or directed verdict, and even if the former law requiring evidence corroborating that of the prosecutrix were still in force, such a motion in this case should necessarily have been promptly denied. The criticisms of appellant are effective only to suggest the province of the jury to sift out the truth, and the evidence is ample to show they have, by their verdict, expressed the fact in this case.

It is claimed by the prosecution that, as a result of the act of intercourse with the appellant on the 13th day of June, the prosecutrix gave birth to a child on the 20th day of February next following. There is testimony to show the child was well developed and required no professional services to protect its welfare. Therefrom it is especially argued by the appellant that he cannot be held responsible as the duration of pregnancy measured by the dates is below the recognized minimum period. There is testimony to show that the child did require and have the care of a physician at the time of its birth and again some days later. But let that be as it may, the term of gestation in this case is clearly within the medico-legal latitude approved by the authorities,

See *State ex rel. Beason v. Law,* 93 Kan. 357, 144 Pac. 232, and *Commissioner of Public Charities etc. v.*

*Leary,* 129 N. Y. Supp. 148, wherein authorities both medical and legal are collected and cited. Other authorities to the same effect are: *Alfred v. State,* 151 Ala. 125, 44 South. 60; *Qualls v. State,* 92 Ark. 200, 122 S. W. 498; *Peterson v. People,* 74 Ill. App. 178; *Hull v. State,* 93 Ind. 128; 2 Greenleaf, Evidence, § 152; 7 C. J. § 129, p. 995. There was no dispute of the testimony of the prosecutrix that she never had sexual intercourse with anyone other than appellant. The paternity of the child was a question of fact for the jury.

Lastly it is claimed a new trial should have been granted on account of newly discovered evidence of an alibi interposed by appellant. A new witness made affidavit that, on the afternoon of June 13th (the time the state's proof shows the act of sexual intercourse was had), he applied to appellant for work on appellant's farm twenty-five miles away, and that appellant was on his farm all that afternoon. The record shows that, towards the close of the state's case, the prosecution elected to rely upon the 13th day of June, rather than the 15th as alleged in the information, as the date on which the act of sexual intercourse took place, and that, upon the state's resting its case in chief, appellant's attorney, claiming to have prepared the defense with reference to the date of June 15, procured a continuance upon the further statement, ". . . I would like to ask now a continuance until tomorrow to see if I can do it, that is covering the 13th and if not I would like to have a continuance over the term."

On the following morning, without any further application for a continuance, the appellant proceeded with the trial. In support of an alibi he produced two witnesses, father and brother, who testified with cir-

cumstantial detail, refreshing their minds by written instruments of about that date, that appellant was at his farm all day and night on June 13th; and also a wholly disinterested witness who testified positively that he was at the home of the prosecutrix all the afternoon and until dark on June 13th, and that appellant was not there during that time. Under such circumstances, we conclude that the trial judge did not abuse a sound discretion in denying the motion for a new trial. Affirmed.

TOLMAN, MOUNT, MAIN, and HOLCOMB, JJ., concur.