EVELAND *v.* STATE USE OF FOSSETT.

4-3513

Opinion delivered July 9, 1934.

*Partlow & Rhine* and *W. A. Jackson,* for appellant.

*Adrian Coleman* and *Jeff Bratton,* for appellee.

SMITH, J. This suit was brought in the name of the State for the use and benefit of Birdie Fossett, to affiliate

a bastard child of which she alleges appellant was the father. It was adjudged both in the county court and in the circuit court on appeal that appellant was the father of the bastard child, and he was required by the judgment of the circuit court, pronounced upon the verdict of a jury, to make monthly payments provided for by the statute under which the proceeding was had.

An appeal has been duly prosecuted from that judgment, and for its reversal it is insisted that the court erred in admitting certain testimony, and in excluding certain other testimony. These are assignments of error which can be reviewed only upon a motion for a new trial filed in the cause below calling the attention of the court to the errors complained of.

It has been several times decided that, although a bastardy proceeding is in the name of the State, it is of a civil nature. *Wimberly* v. *State,* 90 Ark. 514, 119 S. W. 668; *Belford* v. *State,* 96 Ark. 274, 131 S. W. 953; *Chambers* v. *State,* 45 Ark. 56; *Pearce* v. *State,* 55 Ark. 387, 18 S. W. 380.

It was held in the case of *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673, which was an appeal from a misdemeanor conviction, that where the offense charged is a misdemeanor, we are not required, as in felony cases, to explore the record to see whether error was committed, but are only required to consider the assignments of error properly presented under the rules of the court.

It was held in the very recent case of *State* v. *Neil, ante* p. 324, 71 S. W. (2d) 700, that a motion for a new trial is essential to a review of alleged errors not apparent on the face of the record. The improper admission or exclusion of testimony is not an error apparent on the face of the record, but is one which must be brought upon and into the record by a proper bill of exceptions after a motion for a new trial has been filed calling the attention of the court to the alleged error.

If there was a motion for a new trial, it has not been abstracted, and the alleged error has not been called to our attention as the rules of this court require, and it is not, therefore, properly presented for our consideration.

As no other assignments of error are suggested, the judgment must be affirmed, and it is so ordered.