EVELAND *v.* STATE, USE AND BENEFIT OF FOSSETT.

4-5656                                          133 S. W. 2d 643

Opinion delivered November 27, 1939.

*Rhine & Rhine,* for appellant.

*Bratton & Coleman,* for appellee.

SMITH, J. On August 20, 1930, Mary E. Rice and Chacy Eveland were married, and on the 6th day of October following a judgment was rendered in the county court of Greene county against Chacy Eveland for $10

per month and for $25 for lying-in expenses in a bastardy proceeding brought against him on the relation of the state for the use and benefit of Birdie Fossett. On the appeal of this judgment to the circuit court a similar judgment was rendered on November 3, 1933, and that judgment was affirmed July 9, 1934, on the appeal to this court. *Eveland* v. *State, use of Fossett,* 189 Ark. 517, 74 S. W. 2d 221. In the opinion in that case it was held that a bastardy proceeding, though in the name of the state, is a civil proceeding.

This judgment was not paid, and a proceeding was had in the circuit court, which resulted in an order by that court directing the prosecuting attorney of the district of which Greene county is a part to file suit "for the purpose of uncovering and subjecting the property of Eveland to the satisfaction of this judgment." That suit was filed on April 3, 1939, and a decree was rendered granting the relief prayed, from which is this appeal.

The decree contained findings of fact as follows: On June 23, 1934, Eveland conveyed certain lands to his wife by warranty deed, and on March 4, 1933, executed to her a mortgage on certain other real estate, and that he also executed to his wife two chattel mortgages conveying his personal property. It was alleged in this suit to uncover that Eveland was also the owner of a store and stock of merchandise which he operated in the name of his wife, but the court found that Mrs. Eveland was the owner of the store.

The deed and mortgage to the land and the chattel mortgages on the personal property were in the decree here appealed from "declared and adjudged to be void as against any legal process issued on said judgment (in the bastardy case) rendered in the circuit court of. Greene county, Arkansas, on the 3d day of October, 1933." This order was made upon the finding that the deed and the mortgages were executed to defeat the collection of the judgment, which could not be collected unless the land and personal property were uncovered.

Mrs. Eveland intervened, and alleged and offered testimony in support of the allegation that all these con-

■■■■■■■■

veyances had been made to her in consideration of money loaned and paid to her husband. She claimed to have earned this money by teaching school, both before and after her marriage; but the chancellor did not accept this explanation; and we cannot say that his finding is contrary to the preponderance of the evidence. In resisting the collection of the judgment Eveland suffered himself to be confined in jail, but was finally released without paying any sum in satisfaction of the judgment.

The court, no doubt, found that Mrs. Eveland had made advances of money to her husband, and it was probably for this reason that Mrs. Eveland was allowed to retain the store.

The rule is well settled that conveyances by debtors to members of their household or to near relatives are looked upon with suspicion and scrutinized with care, and when the embarrassment proceeds to insolvency, they are conclusively presumed to be fraudulent as to existing creditors.

Being unable to say that the chancellor's findings are contrary to the preponderance of the testimony, the decree must be affirmed, and it is so ordered.