KNIGHTON *v.* STATE.

Opinion delivered July 13, 1925.

1.  CRIMINAL LAW—ERRORS CONSIDERED IN ABSENCE OF BRIEF.—In a felony case the record will be examined to determine whether any of the assignments of error in the motion for new trial were well founded, though no brief or argument on appellant's behalf was presented.

2.  CRIMINAL LAW—MATTERS REVIEWABLE.—An assignment of error in refusing a continuance is not reviewable where neither the motion for continuance nor any reference thereto appears in the record except in the motion for new trial.

3.  INTOXICATING LIQUORS—UNLAWFUL SALE—EVIDENCE.—Evidence *held* to sustain a conviction of selling intoxicating liquor.

Appeal from Union Circuit Court; *L. S. Britt,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J.  Appellant was convicted of the offense of selling intoxicating liquor, and appeals from the judgment, but no brief or argument has been presented here in his behalf. However, we examine the record to determine whether or not any of the assignments of error in the motion for a new trial are well founded.

One of the assignments is that the court erred in refusing to grant a continuance. The motion for a new trial sets forth a motion for continuance, but neither the motion nor any reference thereto appears anywhere else in the record. Hence there is nothing properly before us on that subject for review.

The only other assignment of error is that the evidence is not legally sufficient to sustain the verdict. A witness testified that he went to the home of appellant and there purchased from appellant a bottle of whiskey, that appellant sold and delivered the whiskey and received payment therefor in money. Two other witnesses testified that they accompanied the other witness to appellant's home, remained in the car about

one hundred yards from the house, and saw said witness go into the house empty-handed and return in a few minutes with a bottle of whiskey. This testimony was sufficient to sustain the verdict.

Affirmed.