MARTIN *v.* STATE.

4318                                                    174 S. W. 2d 242

Opinion delivered October 4, 1943.

*Kenneth C. Coffelt,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

HOLT, J. Appellant, Leslie Martin, was convicted of the crime of involuntary manslaughter, and the jury assessed his punishment at nine months in the state penitentiary.

For reversal he has brought forward in his motion for a new trial fourteen assignments of error. While ap-

pellant, in his brief, argues but one alleged error—that the evidence is not sufficient to support the verdict—it becomes our duty, since appellant is charged with a felony, to consider all other alleged errors contained in the motion for a new trial, whether argued in appellant's brief or not. *Eveland* v. *State, use of Fossett,* 189 Ark. 517, 74 S. W. 2d 221; *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673; *Knighton* v. *State,* 169 Ark. 293, 274 S. W. 10, and *Babers* v. *State,* 168 Ark. 1055, 272 S. W. 659.

"Involuntary manslaughter is, as its name implies, an involuntary killing done without any intent to kill, but in the commission of some unlawful act, or in the improper performance of some lawful act. *Tharp* v. *State,* 99 Ark. 188, 137 S. W. 1097; *Trotter* v. *State,* 148 Ark. 466, 231 S. W. 177. See, also, *White* v. *State,* 164 Ark. 517, 262 S. W. 338''; *Nichols* v. *State,* 187 Ark. 999, 63 S. W. 2d 655.

The evidence presented by the state is to the effect that appellant at about 10 o'clock at night drove his 1930 model Ford automobile along a paved street in the town of Benton at a speed of about twenty miles per hour. After driving for a short distance on the left side of the pavement he crossed over to the right, drove off onto the shoulder, struck Dewey Moat, knocking him down and killing him. Moat, with a companion, was walking on the shoulder, off the pavement, in the same direction that appellant was traveling. On the seat beside appellant were two companions, a young lady who was intoxicated and a young man. Appellant had been drinking to excess during the day and shortly before he ran down and killed the deceased, and only one of the two front lights of his car was burning, and the light reflected was very dim.

We think this brief statement of the evidence substantial and ample to support the verdict of the jury, and we would affirm the judgment but for the obvious error of the court in giving, over appellant's objection and exceptions, the state's instruction number four. This instruction is as follows: ''You are instructed that if you

find from the evidence in this case, beyond a reasonable doubt, that the defendant was at the time of the collision operating an automobile, with only one light, and that such operation caused the death of Dewey Moat, then you are told to find the defendant guilty." Appellant, at the time, objected to the instruction and preserved his exceptions in the following language: "Defendant objects to State's requested instruction No. 4 for the reason that the same is not a correct declaration of the law and that it leaves out any charges of negligence or carelessness in the operation of the car and tells them that if he had no lights he was guilty, and fails to tell them that in having no lights, if they find he did not have any, they must further find that fact was carelessness and negligence on the part of the defendant. It ignores the defenses in this case or the facts and circumstances surrounding defendant's actions pertaining to the failure of the light to be on the car." The effect of this instruction was to tell the jury that if they found beyond a reasonable doubt that at the time appellant ran over and killed Dewey Moat he was operating his automobile with only one light, they should find him guilty. This is not the law. Under our statute, § 6760 *et seq.,* Pope's Digest, it is made unlawful for one to operate an automobile at night with only one headlight burning. However, the fact that appellant might have been driving his car at the time he ran over and killed the deceased, with only one headlight burning, was not alone, and of itself, sufficient to warrant his conviction. The court should have instructed the jury that if they found beyond a reasonable doubt that appellant was operating his automobile with but one headlight burning, this was evidence which they might consider, along with all the other facts and circumstances in the case, in determining whether he was operating his car at the time in a careless, negligent, or unlawful manner.

The principles of law announced in *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. 2d 676, apply here.

For the error in giving appellee's instruction No. 4 the judgment is reversed and the cause remanded for a new trial.