HEARN *v.* STATE.

4462                                              205 S. W. 2d 477

Opinion delivered November 17, 1947.

*Boyd Tackett,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McHANEY, Justice. This is the second appeal in this case, the former opinion reversing the judgment and sentence for voluntary manslaughter may be found in 211 Ark. 233, 200 S. W. 2d 513. It was reversed because the court erred in asking the jury whether they were divided "ten for conviction and two for acquittal," and

then telling them "you are making some progress, even though it is slow."

On the trial anew appellant was again convicted of voluntary manslaughter and sentenced to two years in the penitentiary, and he has again appealed.

The only assignment of error argued here is that the court erred in refusing to instruct the jury on involuntary manslaughter. Since he was convicted of voluntary manslaughter in the former trial, although indicted for murder in the first degree, he could not be convicted of a higher degree of homicide on the second trial, because in law he is deemed to have been acquitted of all higher degrees on the first trial, and to try him again on the higher degrees would be to put him in jeopardy again for the same offense.

Section 2982 of Pope's Digest defines involuntary manslaughter as follows: "If the killing be in the commission of an unlawful act, without malice, and without the means calculated to produce death, or in the prosecution of a lawful act, done without due caution and circumspection, it shall be manslaughter."

In *Bennett* v. *State,* 161 Ark. 496, 257 S. W. 372, we said: "Involuntary manslaughter is, as its name implies, an involuntary killing done without any intent to kill, but in the commission of some unlawful act, or in the improper performance of some lawful act." This language was quoted with approval in *Nichols* v. *State,* 187 Ark. 999, 63 S. W. 2d 655.

It is well settled that, in order to justify the court in giving an instruction on involuntary manslaughter, or any other degree of homicide, there must be some substantial evidence to support such instruction. In *Robinson* v. *State,* 177 Ark. 534, 7 S. W. 2d 5, we quoted from *Clark* v. *State,* 169 Ark. 717, 276 S. W. 849, that "if there is no evidence to establish a lower degree of homicide than murder in the first degree, the court, in properly giving the law must of necessity determine whether there is any evidence at all to justify a particular instruction, and it is the duty of the jury to take

the court's exposition of the law." This same language was cited with approval in *Arnold* v. *State,* 179 Ark. 1066, 20 S. W. 2d 189, where the error complained of and denied was the refusal of the court to instruct upon voluntary manslaughter.

Was there any evidence here to support an instruction on involuntary manslaughter? The trial court found there was not and we agree.

The undisputed facts are that appellant, the deceased Altus Walls, and five other men, on the afternoon of December 7, 1946, gathered at a shack located on a county road about 100 yards south of State Highway 27, some three miles west of Murfreesboro, in Pike county, for the purpose of playing a dice game called craps for money, which they did. They also drank some whiskey, appellant and deceased consuming more than the others and became intoxicated. Two of the players left before the trouble. An argument arose between appellant and deceased over dice "fades" and whiskey, but the others interfered and prevented trouble. The game broke up and all started for home. Appellant, deceased, and another walked slowly toward the highway and were waiting for the car of the other two to come up to take them to town. The argument between the two was renewed and a fight ensued in which deceased knocked appellant down and tried to hit him with a rock. Appellant ran away, went to the home of his brother, some 200 yards away, got his brother's shot gun, returned to the scene of the difficulty and shot and killed said Altus Walls. Appellant is the only witness to the actual shooting and killing. He testified that, when he went back to the scene of the difficulty with the shot gun, he ordered Basham who had picked up deceased's cap to drop the cap, get in the car with the other two, telling them to drive on and to keep driving; that deceased was in the woods, squatting down behind a stump; that he went into the woods, and "when nearly to deceased, defendant stopped. Deceased continued to move around stump with hands down by his side behind stump and assuring defendant that he wasn't going to bother him and that everything

would be all right. Defendant told deceased not to try to come to him. During the conversation deceased dived at defendant and defendant shot him.'' Appellant's abstract.

We do not agree with appellant that this testimony from him justified the giving of an instruction on involuntary manslaughter. He left the scene of the difficulty, walked a distance of about 200 yards, secured a deadly weapon, returned and ordered all the other witnesses away, and then shot the deceasd at a time when he was apparently begging for his life. The fact that deceased lunged at appellant's feet, in an effort to save his own life, would hardly justify a plea of self defense, or constitute ground for the giving of the instruction requested.

We have examined the other assignments of error and find them without merit.

Affirmed.