INCORPORATED TOWN OF POCAHONTAS v. STATE, USE OF RANDOLPH COUNTY.

Opinion delivered October 12, 1914.

1. FINES—MAYOR'S COURT—TO WHOM PAYABLE.—A city or town is entitled to retain all the fines and penalties imposed by the mayor's court for violation of its ordinances, notwithstanding the ordinances make the same acts offenses as are made offenses against the State by the statutes, and the county is entitled only to such fines and penalties as are imposed by the mayors of said courts, acting in their capacity of justice of the peace, for violation of the State laws within their jurisdiction.

2. FINES—CONFLICTING STATUTES.—The issue of whether a fine imposed by the mayor of a town was done under a town ordinance or a statute of the State, should be submitted to the jury.

Appeal from Randolph Circuit Court; *John W. Meeks*, Judge; reversed.

STATEMENT BY THE COURT.

This is a suit by the State for use of Randolph County against the town of Pocahontas for fines and penalties imposed by the mayor's court and collected and paid into the town treasury, the county claiming that the fines and penalties were imposed for violations of the State laws and required to be paid into the county treasury.

The testimony of the mayor was to the effect that all the fines and penalties in controversy had been imposed by the mayor's court for the violations of town ordinances making the same acts offenses against the town as were made offenses against the State by the statute. The marshal likewise testified that the fines collected were assessed for violations of the town ordinances and not by the mayor in his capacity of justice of the peace for violations of State laws. The only evidence contrary to their testimony was an official transcript purporting to show the fines assessed by the mayor, which reports the case styled, *"The State of Arkansas* v. . . . . . . . . . ., the various defendants, naming them, and the mayor in explanation of this testified that the cases were styled on the city docket, *"The Incorporated Town of Pocahontas* v. . . . . . . . . . .," the defendants," and that when the clerk handed him the blank for the making of the transcript, in the column left for the style of the cases were the words, *"The State of Arkansas* v. . . . . . . . . . . .," and he overlooked this fact and merely wrote in the names of the defendants in the different blanks left therefor, taking the cases from his city docket. The appellant offered to introduce in evidence its ordinance making drunkenness a misdemeanor but the court refused to allow it done, over its objection. Appellant asked the court to instruct the jury that if they should find from the testimony that the fines were imposed by the mayor of the town of Pocahontas, acting as such and not as justice of the peace, their verdict should be for the defendants, and also that if they should find that the mayor imposed the fines in question under or by authority of the ordinances of the town of Pocahontas, or any of them, they should find in favor of the defendant, both of which instructions were refused and the court directed a verdict for the plaintiff and from the judgment thereon the town appealed.

*T. W. Campbell,* for appellant.

The evidence conclusively shows that all of the fines involved in this suit were imposed by the mayor's court

for violations of town ordinances. The fines were payable into the town treasury. Kirby's Dig., § § 7183, 5465.

*S. A. D. Eaton,* for appellee.

Where an offender has been convicted in a mayor's court for the violation of a void ordinance, or where there was no ordinance covering the offense, and the offense charged is a violation of a State law, the presumption is that the mayor acted in his capacity as justice of the peace. 68 Ark. 244; 88 Ark. 211; 86 Ark. 442; 92 Ark. 483; 94 Ark. 178; 107 Ark. 99. In such case the fines are payable into the county treasury. 56 Ark. 133; *Id.* 137.

KIRBY, J. The appellant contends that without regard to the testimony, it is entitled under the law to all the fines and penalties imposed by the mayor's court, whether for violations of the ordinances of the town or State laws of which it had jurisdiction. Sections 5465 and 7183 Kirby's Digest provide:

"All fines, penalties and forfeitures imposed by any court or board of officers whatsoever, except those imposed by mayor's or police courts in any city or town, shall be paid into the county treasury for county purposes." Kirby's Digest, section 7183.

"All fines and penalties imposed by the mayors or police court in any city or town in this State shall be paid into the city or town treasury, and the city or town councils shall have power to prescribe all necessary regulations for the collection, and account for said fines and penalties." Kirby's Digest, section 5465.

The mayors of incorporated towns and cities of the second class are also given concurrent jurisdiction with justices of the peace of offenses in violation of the State laws within their jurisdiction. Sections 5586, 5590, Kirby's Digest.

All municipal corporations are authorized to prohibit and punish any act, matter or thing which the laws of the State make a misdemeanor, and to prescribe penalties for violation of such ordinances not greater nor less for the violation thereof than those prescribed by the statute. Sections 5463, 5464, Kirby's Digest.

(1)    The sections of the Digest above quoted give
color to appellant's contention but they received a differ-
ent construction by this court in *Hackett City* v. *State,*
56 Ark. 135.    It was there held that the city or town is
entitled to all fines imposed by the mayor's court for
violations of the ordinances of the municipality without
regard to the fact that the town ordinances imposed
penalties for acts which were also offenses against the
State.    The court said also in construing section 5860
of Mansfield's Digest, since conformed to section 2, of
the act of March 30, 1891, (section 5465, Kirby's Digest),
and carried into Kirby's Digest as section 7183, "It was
the clear intention of that section to give to the county
all fines arising from the enforcement of the State law
by the mayor in his capacity of justice of the peace."
The court considered in its opinion said act of March
30, 1891, and we adhere to its ruling therein.    Accord-
ingly the city or town is entitled to retain all the fines
and penalties imposed by the mayor's court for viola-
tions of its ordinances, notwithstanding the ordinances
make the same acts offenses as are made offenses against
the State by the statutes and the county is entitled only
to such fines and penalties as are imposed by the mayors
of said courts, acting in their capacity of justice of the
peace for violation of the State laws within their
jurisdiction.

(2)    The testimony herein tended strongly to show
that the fines and penalties in controversy were imposed
by the mayor's court for the violation of ordinances of
the town that prescribe like punishment for the same
offenses as are prescribed by statute for violation of
State laws and the court should have submitted this issue
to the jury for its determination under proper instruc-
tions; and the testimony not being undisputed, should
not have directed a verdict.    For these errors the judg-
ment is reversed and the cause remanded for a new trial.