LACOUR v. HOPE.

Opinion delivered September 24, 1923.

1. CRIMINAL LAW—APPEAL FROM MAYOR—PUNISHMENT.—Though a prosecution for allowing whiskey to be stored in a garage was instituted before a mayor, yet where it was based on Crawford & Moses' Dig., § 7734, and not on a city ordinance, judgment of conviction committing defendant to the city, instead of the county, jail was erroneous.

2. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—A new trial for newly discovered evidence was properly denied where there was no showing as to why it was not produced at the trial.

3. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE—IMMATERIALTY.— Under Crawford & Moses' Dig., § 6169, forbidding the storage of liquors in a public garage, it is no part of the offense that they be kept in a locked receptacle; and, though there was evidence that the locker was locked and that defendant had the key, newly discovered evidence that it was unlocked was immaterial.

4. CRIMINAL LAW—REFUSAL OF INSTRUCTION ALREADY COVERED.— Refusal of an instruction submitting an issue covered by instructions given was not error.

Appeal from Hempstead Circuit Court; *J. H. McCollum,* Judge; affirmed with modification.

*Sarah Shields Jobe,* for appellant.

SMITH, J. Appellant was convicted on a charge of allowing whiskey to be stored in his garage in the city of Hope. He was arrested on a warrant which was is-

sued by the mayor of that city, and at his trial before that officer was fined $100. He appealed to the circuit court, and, upon the trial there, was found guilty and his punishment fixed at "$100 fine and 30 days in jail," and the judgment pronounced thereon required this jail sentence to be served in the jail of the city of Hope.

It does not appear that the city had an ordinance on the subject, and the prosecution was admittedly had under the authority of § 6169, C. & M. Digest.

The proof on the part of the prosecution was to the effect that a deputy sheriff and a policeman searched appellant's garage under the authority of a search warrant. When the officers entered the garage they found appellant there and at work, and, after searching the premises without finding any intoxicating liquor, they came to a locker, which was locked, and appellant took a key from his pocket and unlocked the locker, and the officers found in it a quart jar about half full of liquor, and some other jars that smelled of liquor. Appellant testified that the locker in which the liquor was found was made of pieces of plank 1 x 12, and had shelves on which automobile parts and tools were placed, and was used by him and other mechanics working there, and that it was not locked when the officers made the search, and that he had just returned from his lunch before the officers made the search, and that the liquor was not his, and that he knew nothing of its presence in the locker.

In support of the motion for a new trial appellant offered affidavits showing the newly-discovered evidence of two witnesses to the effect that they were in the garage when it was searched; that appellant was working on a car near the front door, and that the locker was not locked, and appellant was not called upon to unlock it, and did not do so. Appellant also asked an instruction which the court refused to give, and this refusal is assigned as error.

The judgment in this case was erroneous in so far as it required the jail sentence to be served in the city

jail. In the case of *Pocahontas* v. *State, use of Randolph County,* 114 Ark. 448, we held that a city or town is entitled to retain all the fines and penalties imposed by the mayor's court for violation of its ordinances, notwithstanding the ordinances make the same acts offenses as are made offenses against the State by the statutes, but that the county was entitled to such fines and penalties as are imposed by the mayors of such cities acting in their capacity of justice of the peace, for violation of the State laws within their jurisdiction.

Here the mayor was acting as an *ex-officio* justice of the peace in enforcing a statute of the State, and in such cases it is provided by § 7734, C. & M. Digest, that every defendant found guilty on appeal to the circuit court from judgment of conviction in a police court and "committed to imprisonment, either as a part of his punishment or in default of the payment of fine or costs, shall be committed to the county jail in the same manner as if committed by a justice of the peace * * *." The judgment of the court below must therefore be modified to conform to this statute.

The showing of newly-discovered evidence did not entitle appellant to a new trial. In the first place, there was no showing why this testimony was not produced at the trial; and, in the second place, the testimony was immaterial. The liquor was found in the locker, and the newly-discovered evidence tended to show that the locker was unlocked. But that circumstance was unimportant. As has been said, the prosecution was for a violation of § 6169, C. & M. Digest, and by this section it is made unlawful for any person to store, keep, possess, or have in possession, or to permit another to store, keep, possess, or have in possession, any intoxicating liquors in a public garage, and certain other designated places; and it is no part of the offense that the liquors shall have been kept in a locked receptacle of any kind. If in fact appellant stored or permitted another to store liquors in a public garage, it was immaterial that the place where it was stored was an unlocked receptacle.

The court charged the jury that the fact, if it was a fact, that officers found liquor in a garage was not enough, standing by itself, to authorize a conviction, but that the proof must show, beyond a reasonable doubt, that appellant placed it there, or that he knew it was there and allowed it to remain. This instruction properly submitted to the jury the only important question of fact in the case, that is, whether appellant had placed the liquor in the garage, or, knowing it was there, had allowed it to remain; and, this being true, there was no prejudicial error in refusing to give the instruction requested by appellant and which submitted the same issue.

The only error in the case can be cured by amending the judgment to read that appellant shall serve his jail sentence in the county jail, and the judgment will be thus amended, and, as amended, it is affirmed.