McNutt v. State.

Opinion delivered April 7, 1924.

1. Intoxicating liquors—possession—burden of proof.—In a prosecution under Crawford & Moses' Dig., § 6169, for possessing intoxicating liquors found in a room occupied by others in defendant's rooming-house, the burden is on the State to prove that defendant had the liquor in his possession, or that, with knowledge that it was there, he permitted it to remain.

2. Intoxicating liquors—evidence of possession.—In a prosecution for possessing intoxicating liquor, evidence that liquor was found in the room rented by defendant to another, without any evidence that defendant knew it was there, held insufficient to sustain a conviction.

3. Criminal law—confession by silence.—In a prosecution for possessing intoxicating liquor, where there was evidence that liquor was found in the room of a lodger in defendant's rooming-house, a statement by the lodger to the defendant that "they have us now," was not such an accusation of defendant that his silence would amount to a confession of guilt.

4. CRIMINAL LAW—SILENCE AS CONFESSION OF GUILT.—To give defendant's failure to deny a statement the force of a confession by silence, the statement must have necessarily implied, either directly or indirectly, an accusation of guilt.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*Isgrig & Dillon,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was arrested under an information filed against him in the municipal court of the city of Little Rock, charging the offense (a misdemeanor) of having intoxicating liquor in his possession, in violation of the statute which makes it unlawful for any person to have in possession, or permit another to have in possession, alcoholic, vinous, malt, spirituous or fermented liquors in or at any fruit stand, restaurant, store, club-room, livery stable, public garage, public park, hotel, rooming-house, etc. Crawford & Moses' Digest, § 6169. He was convicted in the municipal court, and, on appeal to the circuit court, was again convicted, and has prosecuted an appeal to this court.

The only contention made here for reversal of the judgment is that the evidence is not sufficient to support the verdict of conviction.

The State attempted to prove that appellant had a lot of whiskey in his possession on November 20, 1923, or that he permitted another person, one Hooks, to have possession of the same, in a rooming-house in the city of Little Rock.

Appellant and his wife operated a rooming-house on Rock Street, in the city of Little Rock. The house contained twenty-seven bed-rooms, and there were about fifty roomers. Fred Hooks and his wife occupied room number ten in the house, and did light-housekeeping. The State introduced as witnesses two officers who searched the premises, and two other persons who accompanied them, and each of those witnesses testified that they found whiskey in a concealed closet between the

floor and ceiling of the room occupied by Hooks and wife. The witnesses testified that they went to the house in question to search it, and, after searching several rooms, they came to room number ten, which was locked, and they called on appellant to unlock the door. Appellant went off to another part of the house and came back with a bunch of keys, and proceeded to unlock the door. When the door was opened, Hooks and his wife were sitting in the room, and there was a small quantity of whiskey in a bottle on the table. The officers searched the room, and, after rolling up a piece of linoleum on the floor, they found a trap-door, which they raised, and in a closet they found two ten-gallon kegs of whiskey, two cartons of empty bottles, several other full bottles, and also empty containers, a sack of corks, and a rubber hose. The officers testified that they found crumbled-up cork on the floor of the closet, and that the door appeared to have been recently sawed out.

According to the proof, appellant did not go into the room immediately, but later, after the stuff was found in the closet, he entered the room, and Hooks walked up to him and said, "They have us now," to which appellant made no reply.

Hooks was introduced as a witness, and testified that he and his wife lived in the room, doing light-housekeeping; that he sawed the trap-door in the floor, and bought twenty gallons of whiskey and deposited the same in the closet. He testified that appellant knew nothing about the whiskey being placed there, and had nothing to do with it—that he (witness) bought the whiskey and had it surreptitiously delivered at his room on the Friday night preceding the Monday on which the officers made the raid. He denied that he made the remark to appellant attributed to him by one of the officers who testified. Hooks also testified that neither appellant nor appellant's wife ever had occasion to go into the room occupied by witness and his wife.

After careful consideration of the case, we are unable to discover any substantial evidence of appel-

lant's knowledge of or participation in the keeping of the liquor in his rooming-house. The uncontradicted evidence of Hooks is that he (Hooks) bought the liquor and prepared the place for it, and kept it in the room, without the knowledge of appellant. The only testimony which contradicts Hooks is the statement of the officer in regard to what the latter said to appellant, and as to the time when the trap-door was sawed out. Hooks said that he did the work a few days before he procured the liquor, and the officers testified that the sawed pieces of the trap-door indicated that it had been done a year or two prior to that time. But even a contradiction of Hooks does not constitute affirmative testimony of appellant's participation in the storing of the liquor. It is true that the evidence shows that the liquor was found in the rooming-house operated by appellant and his wife, but the undisputed evidence shows that it was found in a room occupied by Hooks, and that Hooks and his wife were locked inside the room at the time the officers appeared there and found the liquor. The burden rests on the State to prove that appellant either had the liquor in his possession, or, with knowledge that the liquor was there, permitted it to remain. It was not sufficient merely to show that the liquor was found in one of the rooms of the house which appellant and his wife were operating, when the undisputed evidence shows that that room was in the exclusive possession of Hooks. *LaCour* v. *Hope,* 160 Ark. 209.

The Attorney General relies for support of the judgment on the testimony of one of the officers in regard to the statement made by Hooks in appellant's presence to the effect that ''they have us now.'' It is argued that this constituted a confession by failure to respond to a statement which was in the nature of an accusation that appellant was a participant in the crime. We do not think, however, that the statement necessarily implied an accusation against appellant so as to call for a reply. In order to give the testimony the force of a confession by silence, it must have been a statement which neces-

sarily implied, either directly or indirectly, an undenied accusation of guilt. *Hall* v. *State,* 64 Ark. 121. Nor do we think that the testimony of the officers to the effect that the door seemed to have been sawed out a long time prior thereto had any substantial tendency to prove that appellant was a guilty participant in the storing of the liquor. Conceding that the testimony was sufficient to show that the trap-door had been sawed out several years before that time, the only tendency of it would be to show that, at some time, appellant may have known of the existence of the secret place; but, as before stated, it does not tend to show that appellant knew that whiskey was stored in that place at the time the officers made the search. It devolved upon the State to prove, not merely that there was a secret closet in the room, but that this particular liquor which was found deposited there was known to the appellant, and that he participated in the storing of it, either by putting it there himself or permitting Hooks to put it there or to let it remain there.

The judgment is therefore reversed, and the cause remanded for a new trial.