VAN HOOK *v.* HELENA.

Opinion delivered March. 29, 1926.

1. CRIMINAL LAW—DUTY TO EXPLORE RECORD.—In misdemeanor cases the Supreme Court is not required, as in felony cases, to explore the record to see whether error was committed.

2. CRIMINAL LAW—PRESUMPTION AS TO ERROR.—Where, in a misdemeanor case, no complete abstract of the testimony is presented, and the instructions given in the case are not set out, and no instruction is objected to as having been erroneously given, it will be presumed that the testimony was sufficient to support the verdict, and that no error was committed in giving or refusing instructions.

3. SEARCHES AND SEIZURE—PROTECTION TO DWELLING HOUSES.—The protection of the search and seizure clause of the Constitution (art. 2, § 15) does not extend to the entry of an officer into a public place to make an arrest upon probable cause that an unlawful act is being committed there, but it applies only to dwelling houses or such other private places.

4. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—EVIDENCE. —Under § 6169, Crawford & Moses' Dig., making rooming houses public places and declaring it to be unlawful to keep liquors there,

it was not error to admit evidence obtained by officers in searching defendant's rooming house without a warrant.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Sheffield & Coates,* for appellant.

McCulloch, C. J. Appellant was arrested by the police of the city of Helena on November 2, 1925, charged with the offense of possessing alcoholic liquors illegally. She was tried in the municipal court of the city of Helena, and there a fine of $100 was assessed against her. From this judgment she appealed to the circuit court, where, upon a trial before a jury, she was found guilty, and the punishment left by the jury to be fixed by the court.

The judgment of the circuit court is somewhat ambiguous, but, in view of our decision in the case of *Pocahontas* v. *State,* 114 Ark. 450, and that of *Lacour* v. *Hope,* 160 Ark. 209, we interpret the judgment as imposing a fine of a hundred dollars, with imprisonment in the county jail for a period of thirty days, for, unless so interpreted, a double punishment is imposed for a single offense.

The offense charged is a misdemeanor, and we are not therefore required, as in felony cases, to explore the record to see whether error was committed. We are only required to consider the assignments of error properly presented under the rules of the court, and, when the brief filed in appellant's behalf is thus considered, it appears that no complete abstract of the testimony is presented, that the instructions given in the case are not set out, and that no instruction is objected to as having been erroneously given. It will therefore be conclusively presumed that the testimony was legally sufficient to support the verdict, and that no error was committed in giving or in refusing to give instructions.

It does appear, however, from the abstract of the case furnished by appellant, that the house which appellant occupied as a residence was searched by the police, and that intoxicating liquors were found therein. The

warrant under which this search was made was issued by the clerk of the municipal court, who did not possess that authority. That official was aware of his lack of authority, and attempted to supply it by signing the name of the presiding officer of the municipal court to the warrant. He signed the name of the judge of the municipal court, pursuant to a general verbal direction given by that officer, authorizing the clerk to sign warrants in the absence of the judge. It further appears that this warrant was issued without any one making an affidavit that it was believed liquor was being illegally kept in the place ordered to be searched.

The officers who made this search testified that the liquor was found in appellant's house, and the admission of this testimony is assigned as error. Before the beginning of the trial appellant filed a motion that this testimony be suppressed and excluded, for the reason that it had been illegally obtained, but the court overruled that motion and admitted the testimony of the officers to the effect that intoxicating liquors had been found, over appellant's objection and exception.

All the circumstances connected with the admission of this testimony are abstracted, and its admissibility is therefore presented for our consideration on this appeal.

The admission of this testimony was authorized by the opinion of this court in the case of *Benson* v. *State,* 149 Ark. 633, a decision which we have adhered to in several cases, but we are asked now to reconsider the question and overrule those decisions.

Amendment No. 4 to the Federal Constitution reads as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

This provision of the Federal Constitution has no relation to the action of State officials in prosecutions in State courts. *Weeks* v. *United States*, 232 U. S. 383.

The Fourth Amendment to the Constitution of the United States has been incorporated into the fundamental law of this State and is found as section 15 of article 2— the Declaration of Rights—in our present Constitution, where it reads as follows: ''The right of the people of this State to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.''

Appellant insists that the place searched was her private residence, the character of which was not destroyed by the fact that she occasionally let out one of her rooms, and that therefore § 6169, C. & M. Digest, under which she was prosecuted and convicted, does not apply, and the possession of liquor found by the officers making the search was not a violation of the law, because her house was not such a place as that section of the statute had made it unlawful to keep or to store intoxicating liquors in. But, as we have said, the testimony in the entire case is not abstracted, and in the absence of this abstract we must presume that the premises searched was a public rooming house, and came within the inhibition of § 6169, C. & M. Digest.

The statute reads as follows: ''Section 6169. It shall be unlawful for any person, firm or corporation to store, keep, possess, or have in possession or permit another to store, keep, possess or have in possession, any of the liquors and beverages mentioned in § 6165 of this act, in or at fruit stand, restaurant, store, drug store (except alcohol in a drug store as permitted by law, or wine for sacramental purposes as may be permitted by law), or in any club or club room of any social or fraternal organization, or of any other organization or associa-

tion of persons, or in any livery stable, public garage, public park, hotel, rooming house, dining room, wagon yard, or any public building of the State, county or municipality, or district, or in or at any room or place where a bowling alley or any billiard or pool table is maintained or operated for gain; but this shall not prevent any officer from storing or having such liquors in a public building for safe-keeping when seized in the enforcement of the law or when stored or possessed for use as evidence or otherwise in his official capacity. And it shall also be unlawful for any person, firm or corporation, engaged in the business of selling or dealing in soft drinks or nonprohibited beverages, to keep, possess or store on the premises any of the liquors mentioned in § 6165 of this act, or any other liquors, beverages or drinks or bitters prohibited by the laws of this State.''

The Supreme Court of the United States, and other courts following its lead, have held that evidence obtained by officers in violation of the search and seizure clause of the Constitution is not admissible against the accused, whose rights have been thus violated. There are, however, limitations upon that rule which are as clearly recognized as the rule itself.

The rule and its limitations were carefully reviewed by Chief Justice Taft in the recent case of *Carroll* v. *United States*, 267 U. S. 132. That was a case where the accused was arrested for unlawfully transporting intoxicating liquor, his automobile was searched, without a warrant, and the liquor found was produced in evidence. The Chief Justice, after calling attention to the fact that the clause in the Federal Constitution ''does not denounce all searches or seizures, but only such as are unreasonable'', said: ''The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in the manner which will conserve public interests as well as the interests and rights of individual citizens.'' He also quoted with approval the following excerpt from the opinion of the court in *Boyd* v. *United States*, 116 U. S.

616: "The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from the search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ *toto coelo.* In the one case the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of revenue laws, or concealed to avoid the duties on them, has been authorized by English statutes for two centuries past." And the conclusion of the court as to the law controlling the case was stated as follows: "When a man is legally arrested for an offense, whatever is found on his person or in his control which it is unlawful for him to have, and which may be used to prove the offense, may be seized and held as evidence in the prosecution. * * * The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

In the still more recent decision of the Supreme Court of the United States—the last announcement of that court on the subject (*Agnello* v. *United States,* 269 U. S. 20) the court said: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted."

It follows therefore that, if we were to change our rule announced in the Benson and other cases, and adopt the rule of the Supreme Court of the United States, the result would be the same in the instant case.

The protection of the search and seizure clause of the Constitution does not extend to the entry of an officer into a public place to make an arrest upon probable cause that an unlawful act is being committed there. The protection applies, not to all premises or property, but only to dwelling houses or other such private places. *Carroll* v. *United States, supra.*

Our statute, in effect, makes rooming houses public places, and declares it to be unlawful to keep liquors there. The trial court was correct in admitting evidence of the finding of liquor in the rooming house kept by appellant.

It is unnecessary to discuss the question about which there are differences between decisions of this court and the Supreme Court of the United States as to the admissibility of evidence obtained by unlawful search, and we refrain from doing so.

Affirmed.

HART and SMITH, JJ., dissent.