## Long v. State.

4598                               227 S. W. 2d 166

Opinion delivered February 20, 1950.

*Flowers, Davis & Flowers,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

HOLT, J. A jury convicted appellant, Ike Long, on two charges: (a) for drunkenness in a public place (Ark. Stats., 1947, § 48-943) and (2) for resisting an officer (Ark. Stats., 1947, § 41-2801) and assessed his punish-

ment on the first charge at a fine of $50 and 30 days in jail, and $150 and a 90 day jail sentence on the second. This appeal followed.

For reversal, appellant contends that the evidence was not sufficient to support the verdicts, and that the punishment assessed on the public drunkenness charge is in excess of that provided under § 41-1422, Ark. Stats. (1947).

At the outset, we are confronted with the State's insistence that appellant has failed to abstract the record in compliance with Rule 9 of this Court, which requires that an "abstract and abridgment of the transcript shall set forth the material parts of the pleadings, proceedings, facts and documents upon which appellant relies, together with other matters from the record as are necessary to an understanding of all questions presented to this Court for decision. The abstract shall contain full reference to pages of the transcript."

We agree with appellee's contention.

The offenses charged are misdemeanors and under the above rule, we are not required to explore the record to determine whether error was committed. Here, the record covers some 140 pages and appellant's abstract and brief cover approximately three pages. No attempt was made to abstract any of the testimony, the instructions, or the motion for a new trial. It will therefore be presumed that the testimony was legally sufficient to support the verdicts and that there was no error in the instructions. We consider, therefore, the errors, if any, that appear on the face of the record. This court said in *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673: "The offense charged is a misdemeanor, and we are not therefore required, as in felony cases, to explore the record to see whether error was committed. We are only required to consider the assignments of error properly presented under the rules of the court, and, when the brief filed in appellant's behalf is thus considered, it appears that no complete abstract of the testimony is presented, that the instructions given in the case are not

set out, and that no instruction is objected to as having been erroneously given. It will therefore be conclusively presumed that the testimony was legally sufficient to support the verdict, and that no error was committed in giving or in refusing to give instructions,'' and in *Eveland* v. *State, use of Fossett,* 189 Ark. 517, 74 S. W. 2d 221:

''A motion for a new trial is essential to a review of alleged errors not apparent on the face of the record. The improper admission or exclusion of testimony is not an error apparent on the face of the record, but is one which must be brought upon and into the record by a proper bill of exceptions after a motion for a new trial has been filed calling the attention of the court to the alleged error.

''If there was a motion for a new trial, it has not been abstracted, and the alleged error has not been called to our attention as the rules of this court require, and it is not, therefore, properly presented for our consideration.''

The answer to appellant's contention that excessive punishment was assessed on the public drunkenness charge, is that appellant was convicted under Art. 6, § 10, Act 108 of 1935 (now Ark. Stats., 1947, § 48-943) and not under § 41-1422 (Act 44 of 1909) as appellant contends. The former § 48-943 fixes the punishment at a fine of from $5 to $100 or by imprisonment of from five to thirty days, or by both fine and imprisonment. Article IX of the 1935 Act provides that ''all laws or parts of laws in conflict herewith are hereby repealed, etc.'' Section 48-943 (Act 108 of 1935) is therefore controlling.

Affirmed.