289 S.W.2d 679 (1956)
Berlon S. TAYLOR, Appellant,
v.
CITY OF PINE BLUFF, Appellee.
No. 4839.
Supreme Court of Arkansas.
April 30, 1956.
Rehearing Denied May 21, 1956.
*680 Kenneth C. Coffelt, Little Rock, for appellant.
Wilton E. Steed, Pine Bluff, for appellee.
GEORGE ROSE SMITH, Justice.
[I]' The appellant was charged with having kept his grocery store open on seven separate Sundays, in violation of state law. Ark.Stats.1947, § 41-3802. The trial court directed a verdict of guilty upon each count, as is permissible in a misdemeanor case when the proof of guilt is undisputed and the punishment is by fine alone. Huff v. State, 164 Ark. 211, 261 S.W. 654. The jury assessed the minimum fine of $25 for each offense.
The appellant's principal contention is that the Pine Bluff police are enforcing the statute with such discrimination as to deny to the appellant the equal protection of the laws. The trial court rejected the appellant's offer to prove that, pursuant to a policy adopted by the mayor or the city council, the police have singled out grocery stores in the enforcement of the Sunday law. According to the proffered evidence the police arrest everyone who operates a grocery on Sunday, but they allow business to be done on that day by such concerns as drug stores, hotels, filling stations, restaurants, funeral homes, bakeries, tourist courts, bus stations, city park concessions, and sporting goods stores. It is argued that this proof should have been admitted and would have established a defense to the charges.
Needless to say, the mere fact that a law is not strictly enforced in every instance is not ordinarily a defense in a criminal case. The accused cannot as a general rule escape punishment by proving that someone else has committed the same offense with impunity. Nevertheless, it was settled by the decision in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, that purposeful discrimination in the enforcement of an ostensibly fair law may violate the constitution. If the unlawful administration of the statute results "in its unequal application to those who are entitled to be treated alike," there is a denial of equal protection. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.
Thus the question is whether the Fourteenth Amendment requires that Sunday laws apply alike to grocery stores and to the other businesses mentioned in the appellant's offer of proof. In other words, if the state statute applied by its terms to grocery stores alone, would it be valid?
This question would not receive the same answer in all jurisdictions. The problem has often arisen in connection with statutes and ordinances containing enumerated exceptions to the general prohibition against the doing of business on the Sabbath. All courts agree that some classification is permissible under the equal protection clause and under similar guaranties in state constitutions, but there is no uniformity of opinion as to the exact point at which classification becomes so unreasonable as to be arbitrary.
In some states the issue of discrimination has been tested on the basis of the various commodities that can or cannot be lawfully sold on Sunday. According to this view if one merchant is allowed to sell a certain article on the Sabbath the same *681 privilege must be granted to everyone else. Consequently grocers have been successful in attacking laws that allow drug stores to operate on Sunday, merely by showing that grocery stores and drug stores sell at least a few of the same items. Allen v. City of Colorado Springs, 101 Colo. 498, 75 P.2d 141; Ex parte Hodges, 65 Okl.Cr. 69, 83 P.2d 201. In what is perhaps an extreme example of this view it was held that the owner of a monument works could challenge as discriminatory a law that allowed cemeteries to conduct business on Sunday. Gaetano Bocci & Sons Co. v. Town of Lawndalc, 208 Cal. 720, 284 P. 654.
It does not seem to us that the equal protection clause restricts the legislature to classifications based on the type of commodity being sold. The legislature might reasonably believe that it is necessary and desirable to allow pharmacists to fill prescriptions on Sunday. It might also find that druggists are unwilling to open their stores for that limited activity alone and that medicines can be made available to the public on Sunday only by permitting all departments of the drug stores to remain open. Hence it does not necessarily follow that because the druggist sells a bar of soap on Sunday the grocer has a constitutional right to do the same. A study of the cases indicates that to test discrimination solely on the basis of the article sold is apt to result in abolishing all exceptions to Sunday laws, for businesses are tending more and more to overlap one another's activities.
We prefer to give full effect to the presumption of constitutionality that attends every statute and to uphold the statutory classification in the absence of proof indicating that there is no reasonable basis for the distinctions laid down by the legislature. Under this view, which prevails in many jurisdictions, Sunday laws applicable only to grocery stores and meat markets have been held to represent a reasonable classification. People v. DeRose, 230 Mich. 180, 203 N.W. 95; State v. Somberg, 113 Neb. 761, 204 N.W. 788; see also Theisen v. McDavid, 34 Fla. 440, 16 So. 321, 26 L.R.A. 234; State v. Towery, 239 N.C. 274, 79 S.E.2d 513, appeal dismissed 347 U.S. 925, 74 S.Ct. 532, 98 L.Ed. 1079. It is our conclusion that a Sunday law applying only to grocers would be valid and that therefore the appellant is entitled only to be treated in the same manner as other grocers. The trial court correctly refused the defendant's offer of proof.
Two remaining contentions may be answered quickly. It is said that the appellant was prejudiced by a remark made by the city attorney in his opening statement to the jury. Apart from the fact that the court admonished the jury not to consider the remark, the argument is refuted by the fact that the court directed verdicts of guilty, leaving only the matter of the punishment to the jury. Since the jury imposed the minimum fine in each case the appellant cannot have been harmed.
We are also urged to declare as a matter of common knowledge that public necessity requires grocery stores to be open on Sunday. We do not know this to be true; rather to the contrary, in many communities such stores are closed on Sunday without apparent destriment to the public welfare. Moreover, the statute puts the issue of necessity on an individual basis, as it provides that "necessity on the part of the customer" may be shown as justification for commercial activity on the Sabbath. Ark.Stats. § 41-3803. It may be doubted whether this exception was meant to permit business as usual on Sunday, without regard to the needs of any particular patron.
Affirmed.
ROBINSON, Justice.
I dissent for the reason that, in my opinion, there has been purposeful discrimination against the appellant in violation of his rights under the Fourteenth Amendment to the Constitution of the United States. Appellant was convicted of violating *682 Ark.Stats. § 41-3802 by keeping his grocery store open on Sundays. The statute provides: "Every person who shall, on Sunday, keep open any store or retail any goods, wares and merchandise, or keep open any dram shop or grocery, or who shall keep the doors of the same so as to afford ingrees (ingress) or egrees (egress), or retail or sell any spirits or wine, shall, on conviction thereof, be fined in any sum not less than twenty-five ($25.00) dollars, nor more than one hundred dollars ($100.-00)." Thus, it will be seen that it is a violation of the law to keep open any store or retail any goods, wares and merchandise on Sunday.
Amendment No. Fourteen to the Constitution of the United States provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. The sole question here is whether the appellant has been denied that protection. The statute prohibiting the sale on Sunday of goods, wares and merchandise, on its face, is fair, and no contention is made that it is invalid; but the manner of enforcement is in violation of the Fourteenth Amendment. Although a law is fair on its face and impartial in appearance, yet, if it is applied and administered in an unequal manner it is within the prohibition of the Constitution.
In Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 1073, 30 L.Ed. 220, the court said: "The discrimination is therefore illegal, and the public administration which enforces it is a denial of the equal protection of the laws, and a violation of the fourteenth amendment of the constitution." Although the statute prohibits the sale of any goods, wares or merchandise on Sundays, the law enforcement officers are permitting other places of business to remain open and are allowing the barter and sale of almost every known kind of merchandise, except groceries.
It was held in Tarrance v. State of Florida, 188 U.S. 519, 23 S.Ct. 402, 47 L.Ed. 572, that an actual discrimination is as potential in creating a denial of equal rights as a discrimination made by law. A large latitude is allowed to the states for classification upon any reasonable basis and what is reasonable is a question of practical details into which fiction cannot enter. Kidd v. State of Alabama, 188 U.S. 730, 23 S.Ct. 401, 47 L.Ed. 669. In the absence of any showing of reasonable basis for the discrimination by the administrative officers, as here, the court has no right to conjure up possible situations which might justify the discrimination. Mayflower Farms v. Ten Eyck, 297 U.S. 266, 56 S.Ct. 457, 80 L.Ed. 675. Discriminations are not to be supported by mere fanciful conjecture and cannot stand as reasonable if they offend the plain standards of common sense. "`That is to say, mere difference is not enough; the attempted classification "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, 165 U.S. 150, 155, 17 S.Ct. 255, 257, 41 L.Ed. 666. Discriminations of an unusual character especially suggest careful consideration to determine whether they are obnoxious to the constitutional provision.'" Hartford Steam Boiler Inspection & Insurance Co. v. Harrison, 301 U.S. 459, 57 S.Ct. 838, 840, 81 L.Ed. 1223.
Drug stores are permitted to stay open on Sunday and it is a matter of common knowledge that they sell a large assortment of merchandise. In fact, variety or department stores would be more appropriate names; they sell all kinds of goods, including home appliances and wearing apparel. We know that sporting goods stores, also allowed to do business on Sunday, sell guns and ammunition, fishing tackle, boats and motors, shoes, boots, clothing, stoves, electrical appliances, and almost everything a person needs for hunting, fishing and outdoor activities. Bakeries are permitted to remain open, and we know that they sell practically nothing that is not sold in grocery stores. Certainly there is nothing obnoxious about the grocery business that *683 would justify discrimination; in fact, such discrimination as is shown here cannot be justified on any reasonable basis. And although classification is permitted without denying the equal protection of the laws, a classification based on no adequate reason is invalid. Kansas City Southern R. Co. v. Road Improvement District No. 6 of Little River County, Arkansas, 256 U.S. 658, 41 S.Ct. 604, 65 L.Ed. 1151, reversing 139 Ark. 424, 215 S.W. 656, 217 S.W. 773. The Supreme Court of the United States said, in Power Mfg. Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 679, 71 L. Ed. 1165, reversing 169 Ark. 748, 276 S.W. 599: "The clause in the Fourteenth Amendment forbidding a state to deny to any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws (Truax v. Corrigan, 257 U.S. 312, 333, 42 S.Ct. 124, 66 L.Ed. 254; Atchison, Topeka & Santa Fe Ry. Co. v. Vosburg, 238 U.S. 56, 59, 35 S.Ct. 675, 59 L.Ed. 1119), and extends as well to corporate as to natural persons (Smyth v. Ames, 169 U.S. 466, 522, 18 S.Ct. 418, 42 L.Ed. 819; Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, 165 U.S. 150, 154, 17 S.Ct. 255, 41 L.Ed. 666; Santa Clara County v. Southern Pacific R. Co., 118 U.S. 394, 396, 6 S.Ct. 1132, 30 L.Ed. 118). It does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection, but it does require that the classification be not arbitrary but based on a real substantial difference, having a reasonable relation to the subject of the particular legislation. Truax v. Corrigan, supra, [257 U.S. at] page 337 (42 S.Ct. at page 131); Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, supra, [165 U.S.] 155 (17 S.Ct. 256); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369; Ft. Smith Light & Power Co. v. Board of Improvement, 274 U.S. 387, 47 S.Ct. 595, 71 L.Ed. 1112."
The legislature of the state has not seen fit to discriminate against grocery stores by placing them in a category separate and apart from other mercantile establishments, and provide that they must remain closed on Sundays while other places of business are permitted to remain open; and for the administrative officers of the state to take it upon themselves to inflict such discrimination is clearly contrary to the plain provisions of the Fourteenth Amendment Hence, I respectfully dissent.