TAYLOR *v.* CITY OF PINE BLUFF.

4849-4850 (Consolidated)          294 S. W. 2d 341

Opinion delivered October 8, 1956.

[Rehearing denied November 12, 1956.]

*Kenneth C. Coffelt,* for appellant.

*Wilton E. Steed,* for appellee.

J. SEABORN HOLT, Associate Justice.    These two cases have been consolidated here for our consideration.

### No. 4849

A jury found appellant guilty of having kept his grocery store open on Sunday in violation of the provisions of § 41-3802 Ark. Stats. 1947, and assessed a fine of $25.    For reversal appellant relies on two points: "1.    The enforcement officers are arbitrarily enforcing the statute against this appellant, thereby violating his constitutional rights under Amendment 14 of the Federal Constitution.    2.    It is necessary for appellant's grocery

store, and grocery stores generally, to remain open on Sunday."

This case is controlled by our recent opinion in the case of *Taylor* v. *City of Pine Bluff*, 226 Ark. 309, 289 S. W. 2d 672. In the present case, appellant admitted that he was keeping his grocery store open on Sunday but sought to justify his act by asserting that he was being arbitrarily discriminated against and also that he was justified in operating his store on Sunday by virtue of the provisions of § 41-3803, Ark. Stats. 1947, which provides: "Charity or necessity excepted.—Charity or necessity on the part of the customer, may be shown in justification of the violation of the last preceding section." All these issues were submitted to the jury under proper instructions and we hold that there was substantial evidence to support their verdict. Appellant also says: "The Court will take judicial knowledge of the situation in Pine Bluff with reference to the discrimination issue, and the only thing we can do is to ask the Court to reverse itself in the case of *Taylor* v. *City of Pine Bluff*, as decided in this Court April 30, 1956." This contention is clearly untenable. "In order that a matter may properly be a subject of judicial notice, it must be 'known'—that is, well established and authoritatively settled. It is clear that uncertainty or difference of belief in respect to the matter in question, will operate to preclude judicial notice thereof. Matters of which the Court will take notice are necessarily uniform or fixed and do not depend upon uncertain testimony, for as soon as a matter becomes disputable, it ceases to fall under the head of common knowledge, and so will not be judicially recognized." 20 American Jurisprudence, p. 50. We decline to overrule our former opinion. Affirmed.

### No. 4850

In case No. 4850 appellant seeks the reversal of a similar charge of having kept his grocery store open on another Sunday and upon a trial, at which the same issues were raised as in Case No. 4849 above, the trial court at the conclusion of all the evidence presented by

the parties directed the jury to return a verdict of guilty and a fine of $100 was assessed by the jury. For reversal appellant relies on the same points as in Case No. 4849 above. We find no evidence in the record that it was necessary for appellant to keep his store open on Sunday or any evidence of any arbitrary discrimination against him. The trial court correctly directed a verdict of guilty in the circumstances. "It is the settled rule in this State that, in a misdemeanor case where the punishment is by fine only, the circuit court, having the power to set aside a verdict of acquittal, also has the power to direct a verdict of guilty, where the facts are undisputed and where guilt is the only inference that can be legally drawn from them," *Huff* v. *State,* 164 Ark. 211, 261 S. W. 654. Affirmed.