HICKINBOTHAM *v.* STATE.

4875                                          303 S. W. 2d 565

Opinion delivered June 24, 1957.

*Kenneth Coffelt,* for appellant.

*Bruce Bennett, Atty. Gen'l.; Thorp Thomas, Asst. Atty. Gen'l.,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, H. V. Hickinbotham, over a period of weeks, was convicted of twenty violations of Ark. Stats. (1947) Sec. 41-3802 (keeping grocery store open on Sunday). On appeal to Circuit Court, the cases were consolidated, and tried January 18, 1957. The court directed a verdict for the State, leaving only the question of proper punishment to be determined by the jury. The jury assessed a fine of $25 in each case. From such convictions, comes this appeal. Appellant, in his motion for a new trial and amendment thereto, sets out twenty assignments of error; however, he argues only one point in his brief. This being a misdemeanor case, it is appellant's duty to abstract the record and brief the case on the points that he desires to have considered. If this is not done, such alleged errors are waived. *Fields* v. *State,* 219 Ark. 373, 242 S. W. 2d 639; *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673. The only assignment appellant argues here, and therefore the only one we consider, is that he is being dis-

criminated against in violation of the Fourteenth Amendment to the Constitution of the United States.

In *Taylor* v. *City of Pine Bluff*, 226 Ark. 309, 289 S. W. 2d 679, the defendant was convicted of keeping his grocery store open on Sunday. This Court, in upholding the trial court's action in refusing to permit the introduction of evidence by the defendant relative to Sunday sales by drug stores, hotels, filling stations, restaurants, etc., said, "* * * Sunday laws applicable only to grocery stores and meat markets have been held to represent a reasonable classification.[1] * * * It does not seem to us that the equal protection clause restricts the legislature to classifications based on the type of commodity being sold. The legislature might reasonably believe that it is necessary and desirable to allow pharmacists to fill prescriptions on Sunday. It might also find that druggists are unwilling to open their stores for that limited activity alone and that medicines can be made available to the public on Sunday only by permitting all departments of the drug stores to remain open. Hence it does not necessarily follow that because the druggist sells a bar of soap on Sunday the grocer has a constitutional right to do the same. A study of the cases indicates that to test discrimination solely on the basis of the article sold is apt to result in abolishing all exceptions to Sunday laws, for businesses are tending more and more to overlap one another's activities. * * * It is our conclusion that a Sunday law applying only to grocers would be valid and therefore, appellant is entitled only to be treated in the same manner as other grocers. * * *" Accordingly, the only question to be considered on this appeal is whether appellant established that he was being discriminated against by the law enforcement officers of Little Rock and Pulaski County, *viz,* that he was being systematically arrested for violations of the law while the officers knowingly permitted other *grocery stores* to remain open on Sunday and carry on their business without interference.

---

[1] Numerous cases from other jurisdictions are cited.

The question may well arise, "Just what constitutes 'discrimination'?" Certainly not that one person is apprehended while another who commits the same offense goes free. If such were a defense, convictions would never be obtained, for it is common knowledge that murderers, thieves, robbers, and rapists are sometimes never apprehended, though fortunately, in a vast majority of the cases, they are apprehended and pay the penalty for their crimes. No one could reasonably argue that because every felon is not caught and punished, all other felons should go unpunished. Applying such a system of law enforcement would, of course, bring on a chaotic condition and a complete breakdown of law and order. Applying such reasoning to this case, it would not be sufficient substantiation of appellant's claim of discrimination to simply show that other grocery stores were operating on Sunday. Certainly it would have to be further shown by cogent evidence that the officers *knowingly* permitted others to continuously and systematically remain open, while making it a point to see that appellant did not operate unhindered. It is not necessary that we discuss just what proof or circumstances would be necessary to sustain such a contention. Suffice it to say that discrimination is not established by the record in this cause.

The officers testified that they had directions to arrest all grocery store operators. Officer Waggoner stated, "We observed all grocery stores that came within our eyesight as we drove down the street, and if we thought they were selling groceries, we checked them, and Mr. Hickinbotham's store was open." Officer Mackey testified: "Q. Did you have a directive to arrest all grocery stores that were open on Sunday? A. Yes, sir. Q. Did you follow that directive to the best of your knowledge? A. Yes, sir." Officers Cranford, Satterwhite, Whitener, Biggs and Brians all testified to the same effect. The last mentioned officer testified, "We checked all places which was possible in our tour of duty. You can only check so many places in a given length of time and we checked all places that we thought might have been selling grocery items." Officer Mackey

testified that on one of the Sundays, they found a certain Deason's Grocery open, but that Deason had a confectionary license, and stated that he was selling only milk, ice cream, and bread; that the confectionary was separate from the grocery department, although they were under the same roof. Certainly, no discrimination was established from the testimony of these officers.

Appellant's only witness was J. H. Hickinbotham, father of the defendant. From his testimony:

"Q. Since last July, have you made a close observation of businesses in Little Rock, similar to yours—that is, that sell the same articles that you do — and which have remained open on Sunday?

A. Yes, sir.

Q. How many businesses would you say there are that have continuously and systematically remained open on Sunday? I am fixing it from last July because that is the time affected in this case. How many are there that sell the same articles you sell in your store, including groceries?

Mr. Holt: I object to him answering the question. It is framed exactly like he had it before.

The Court: Objection overruled.

A. What was the question, please?

Mr. Coffelt: Read the question to him. (The reporter reads the question.)

A. I didn't make a complete survey, but I listed a few here that I had passed by on my way to lunch or some other time.

Q. I don't care about identifying them now, but are there a large number of them?

A. Yes, sir.

Q. Are they on busy corners?

A. Some are on corners and some are in the middle of the block.

Q. Were they open on these Sundays at places where it would be easy for the police officers to observe in case they were making an inspection?

A. Yes, sir.''

If the cause should have been submitted to the jury, it would have had to be on the basis of the testimony above quoted. In the first place, the testimony is vague in the extreme. No definite locations are mentioned . . . no dates are mentioned . . . no names are mentioned. We are unable to determine what is meant by ''a large number,'' nor can we determine the meaning of ''observation of businesses similar to yours.'' As previously herein set out, this Court, in *Taylor* v. *City of Pine Bluff, supra,* held that discrimination is not tested solely on the basis that other establishments sell some of the same articles sold by a grocery store. ''They were open where anybody could observe them'' adds little or no weight to the testimony. No attempt was made to show that the officers were in the vicinity, or, if there, deliberately passed up such places in making their inspection. No testimony was offered, nor witnesses called, to offer evidence that particular grocery stores were open for business, or that any such stores were being permitted to operate. Two newspaper advertisements of January 5, 1957, and January 12, 1957, were offered which stated that Owen Henderson's Super Market would ''be open all day tomorrow.'' This evidence, of course, was inadmissible as not being the best evidence, nor did it occur during the period of the offenses for which appellant was being tried. It was excluded by the trial court on the latter ground.

The above testimony falls far short of establishing that appellant has been a victim of discrimination within the holdings in our cases or those of the United States. *Taylor* v. *City of Pine Bluff, supra; Taylor* v. *City of Pine Bluff,* 226 Ark. 749, 294 S. W. 2d 341; *Yick Wo* v. *Hopkins,* 118 U. S. 356; 6 S. Ct. 1064, 30 L. Ed. 220, *Snowden* v. *Hughes,* 321 U. S. 1, 88 L. Ed. 497, 64 S. Ct. 397. Accordingly, the trial court's action in directing a verdict of guilty was entirely proper.

In his amendment for motion for new trial, appellant states that on Sunday, January 20, 1957, he made a careful inventory and investigation of the places of business remaining open, that he found 178 places of business open in Little Rock; that at least 50 of these places were selling and offering for sale grocery items; that he was the only person arrested for violation of the law on that date; that the law enforcement authorities refused to file charges or prosecute these persons. According to such amendment, "he is not only being discriminated against, and being singled out and arrested for the law violation, but he is being discriminated against in that the arresting officers and the courts, and all enforcement agencies, deliberately refuse to make other arrests, or prosecute thereon, even when information is furnished them by this defendant with the request to make affidavit as to the charges and to post bond for costs; that this discrimination violates the constitutional rights of the defendant under the equal protection clause of the Fourteenth Amendment to the Federal Constitution." It would be repetitious to again say that the sale of particular items which might be classified as grocery items does not constitute violation of the law; further, these alleged violations did not occur during the period of the violations for which appellant was being tried, but rather, on January 20th, which was after appellant had been tried and convicted, and thus cannot be considered as newly discovered evidence.

Affirmed.

JUSTICE ROBINSON dissents for the same reasons stated in his dissent in *Taylor* v. *City of Pine Bluff*.