ENGLAND *v.* STATE.

5017                                    352 S. W. 2d 582

Opinion delivered January 8, 1962.

*John E. Hooker,* for appellant.

*Frank Holt,* Attorney General, by *Milas H. Hale,* Asst. Attorney General, for appellee.

ED. F. McFADDIN, Associate Justice. This is an appeal of a misdemeanor case. The appellant, W. D. England, Jr., was charged in the Pine Bluff Municipal Court with the offense of disturbing the peace (§ 41-1401 Ark. Stats.). At the trial a number of witnesses testi-

.fied; and the appellant was convicted on each of three counts. On appeal to the Circuit Court the case was tried before the Judge without a jury, and the attorneys stipulated as to the testimony, a portion of which was:

''It is stipulated and agreed between the parties that if the prosecution witnesses were present they would testify that W. D. England, Jr., operates a Go-Kart Race Track at approximately 20th and Ohio Street;[1] that the Go-Kart Race Track has numerous small vehicles that operate between the hours of 7:00 p.m., up to midnight; that these witnesses live anywhere from one block to six blocks away from the Go-Kart Race Track; that during these hours of 7:00 p.m., to midnight there is a constant roaring of motors and is so loud five to six blocks away that they cannot hear their television sets unless turned up to the highest point; that they have difficulty in carrying on a conversation in their own homes and are unable to sleep during the time the motors are being operated; that several witnesses described the noises as if a gasoline lawnmower was being operated right underneath their window for hours at a time. Some witnesses testified that their children were unable to study or to sleep until nearly midnight  .  .  .''

Trial in the Circuit Court resulted in a conviction of the appellant on two counts, with a fine of $10.00 and costs on each count, and the fines were suspended ''.  .  . on condition that the defendant does not operate so as to' disturb the peace, and on payment of the costs.'' There was no motion for new trial filed in the Lower Court, the appellant apparently being under the impression that the case could be appealed to this Court as a civil case, according to the provisions of Act 555 of 1953. (§ 27-2106.1 *et seq.* Ark. Stats.) But that Act relates only to civil cases. *McConnell* v. *State,* 227 Ark. 988, 302 S. W. 2d 805. In a misdemeanor case there must be a motion for new trial filed in the Circuit Court, if we are to look further than the face of the record. See *City of Monticello* v. *Kimbro,* 206 Ark. 503, 176 S. W. 2d

---

[1] The appellant's place of amusement was located outside of the city limits of Pine Bluff.

152; *Holliman* v. *State*, 213 Ark. 876, 213 S. W. 2d 617; *Long* v. *State*, 216 Ark. 681, 227 S. W. 2d 166; and *Van Hook* v. *Helena*, 170 Ark. 1083, 282 S. W. 673.

Appellant argues most earnestly that upon examination of the face of the record we must reverse the judgment, because—says appellant—the information on which he was tried did not charge an offense. This information, omitting signature and verification, reads:

"The said W. D. ENGLAND, JR. in the County of Jefferson and State of Arkansas on the 1st day of October A. D., 1960, did then and there wilfully, unlawfully and maliciously disturb the peace and quiet of Albert Bridges by operating a go-kart race track[2] and juke box in a loud and unusually noisy manner, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Arkansas."

The appellant says that he was tried for disturbing the peace under § 41-1401 Ark. Stats.; that the information merely showed that he had disturbed the peace and quiet of Albert Bridges; and that disturbing the peace and quiet of one person is not an offense under our statute or at common law.

There are two answers to this argument of appellant. By Initiated Act No. 3 of 1936, the People of Arkansas adopted a criminal reform measure which did away with many of the technicalities previously required; and, by Constitutional Amendment No. 21, the People provided that offenses prosecuted by indictment might likewise be prosecuted by information. In accord-

---

[2] Comment has been made that if this Go-Kart Race Track disturbed the peace then many businesses would disturb the peace; but that conclusion does not logically follow. In 8 Am. Jur. 835, "Breach of Peace" § 4, it is said: "An act which if committed at a certain place or time would not amount to a breach of the peace may constitute a crime if committed at another time or place and under different circumstances. In other words, whether or not a given act amounts to a breach of the peace can only be determined in the light of the circumstances attending the act, and the time and place of its commission." The question, of whether appellant's operation of the Go-Kart Race Track at the time and place and hours here involved constituted a breach of the peace, was a matter to be considered under the facts; and no factual issue is raised on this appeal because there was no motion for new trial.

ance with the said initiated measure, and this Constitutional Amendment, we weigh the information in this case. Section 43-1006 Ark. Stats. (which is § 22 of the said Initiated Act No. 3) says:

"The language of the indictment must be certain as to the title . . ., the name of the court . . ., and the name of the parties. It shall not be necessary to include statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so . . . but the name of the offense charged in the indictment shall carry with it all such allegations . . ."

The information in this case charged W. D. England, Jr. with the crime of *disturbing the peace*. Such was sufficient to apprise him of the offense. Some of the cases construing the aforesaid section are *Craig* v. *State,* 194 Ark. 925, 114 S. W. 2d 1073; *Budd* v. *State,* 198 Ark. 869, 131 S. W. 2d 933; *Johnson* v. *State,* 199 Ark. 196, 133 S. W. 2d 15; and *Baker* v. *State,* 200 Ark. 688, 140 S. W. 2d 1008; and under these cases the information in this case charged an offense.

Another and more conclusive reason why the appellant cannot prevail on this appeal, is because he failed to raise the question of the sufficiency of the information at the proper time or in the proper manner. In *Baker* v. *State, supra,* we pointed out that if a defendant desired to raise the point that the information did not charge a crime or offense, he must either file a demurrer to the information or file a motion in arrest of judgment, in keeping with the provisions of what is now § 43-2208 *et seq.* Ark. Stats. In the case at bar, the appellant filed no demurrer to the information. Neither did he file a motion in arrest of judgment. He is trying to raise the question by appeal; and such is entirely inadequate.

Affirmed.

Johnson, J., dissents.